**STATE of Missouri, Respondent,**

v.

**Robert W. CUTSHALL, Appellant.**

**No. 53110.**

Supreme Court of Missouri,
Division No. 2.

June 10, 1968.

Motion for Rehearing or to Transfer to Court En Banc Denied July 8, 1968.

174 ■

Norman H. Anderson, Atty. Gen., Jefferson City, Don Anton, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

PRITCHARD, Commissioner.

This is the second appeal from a conviction of a charge of manslaughter against appellant. · The occurrence out of which the charge arose was an automobile collision on the Paseo Bridge over the Missouri River in Clay County, Missouri, on January 17, 1965. By reason of the collision, one Arthur L. Thompson died. The original conviction was reversed because of the failure of the court to give an accident instruction which was supported by appellant's evidence. It was then ruled that the state made a submissible case of manslaughter, and that point is not here again raised. The facts may be found in the original opinion, State v. Cutshall, Mo., 408 S.W.2d 94.

Appellant's points are directed toward the giving of instructions and the failure to give certain of his offered instructions. The first point deals with Instruction No. 7 which is as follows:

"The Court instructs the Jury that culpable negligence within the meaning of the law is the omission on the part of one person to do some act under given circumstances, which a *very careful and prudent person* would do under like circumstances, showing on the part of such

person a careless or reckless disregard for human life or limb, or the doing of some act under given circumstances which a *very careful and prudent person* under like circumstances would not do, showing on the part of such person a careless or reckless disregard for human life or limb, by reason of which omission or action another person is directly in danger in life or bodily safety." (Italics added.)

The italicized words "very careful and prudent person" in this instruction are attacked. It is said that the wording "very careful and prudent person" is substituted for the continuously approved instruction wording "An ordinarily careful and prudent person." State v. Studebaker, 334 Mo. 471, 66 S.W.2d 877, 879; State v. Sawyers, 336 Mo. 644, 80 S.W.2d 164, 166 [2]; State v. Hinojosa, Mo., 242 S.W.2d 1, 9; State v. Hughey, Mo., 404 S.W.2d 725, 732 [10]; and State v. Zerban, Mo., 412 S.W.2d 397, 403. It is argued that "There is a vast difference between ordinary care and the care used by a 'very careful and prudent person.' The latter is the definition of the highest degree of care used in Missouri Approved Jury Instruction M.A.I. 11.01." It is further argued that a higher degree of care was placed upon appellant in this case than was placed upon him by law.

State v. Studebaker, supra, discusses some of the older cases which were held to have erroneously and prejudicially defined the term "culpable negligence" which is found in the manslaughter statute, § 559.-070, RSMo 1959, V.A.M.S., "Every killing of a human being by the act, procurement or culpable negligence of another, not herein declared to be murder or excusable or justifiable homicide, shall be deemed manslaughter." In the there cited case of State v. Millin, 318 Mo. 553, 300 S.W. 694, the defining instruction was: " 'Culpable negligence is the omission to do something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do under all the circumstances surrounding each partic-

ular case.' " This instruction was condemned in the Millin case, the court saying it was " 'nothing more than a definition of ordinary negligence' " and that " '*it entirely omits the element that the life or limb of another person is endangered by such act, or failure to act.*' " (Italics added.) Loc. cit. 66 S.W.2d 879. In State v. Murphy, 324 Mo. 183, 23 S.W.2d 136, and in State v. Studebaker, supra, instructions on culpable negligence were held to be correct which had in them the additional requirement that "the negligent act or omission must be one *showing a careless or reckless disregard for human life or limb.*" (See 66 S.W.2d loc. cit. 880.)

In State v. Sawyers, supra, the instruction was held bad because "While it says that culpable negligence must be such as to endanger the life or bodily safety of another, that is not sufficient to comprehend gross carelessness or recklessness incompatible with a proper regard for human life. One may endanger the life or bodily safety of another through ordinary negligence only, but that degree of negligence is not sufficient to render one criminally responsible." Loc. cit. 80 S.W.2d 166 [2]. State v. Hughey, supra, held that the instruction there properly defined "culpable negligence" and the instruction was sufficient which went on "omitting to do some act under those circumstances which an ordinarily careful and prudent person under like circumstances would have done, or doing an act which such careful and prudent person would not have done, showing by such omission or act a reckless disregard and utter indifference for human life or limb, by reason of which the deceased Carl boy was endangered and received injuries resulting in his death." 404 S.W.2d loc. cit. 732, 733.

In the case of State v. Bolle, Mo., 201 S.W.2d 158, 161, it was said, "The Court also gave an instruction informing the jury that even if it found beyond a reasonable doubt that the defendant failed to exercise ordinary care it must acquit the defendant unless his negligence 'was of such reck-

less and wanton character as to convince you, beyond a reasonable doubt and to a moral certainty, of the Defendant's utter indifference to the life of one which was killed as a result thereof.' The instructions fully protected the defendant."

In State v. Hinojosa, supra, the matter was further developed in disposing as without substance the contention that the words " 'such omission or action showing on the part of such person a reckless disregard for human life or limb' " in no way qualified or limited the preceding clause defining ordinary negligence, but, to the contrary, advised the jury that they might infer a reckless disregard for human life or limb from acts of ordinary negligence. 242 S.W.2d loc. cit. 9. It was there further said that the instruction was a rescript of the instruction in the Studebaker case, the opinion of which says " 'defendant got all he was entitled to, if not more * * *.' "

There are cases and authority in addition to those above cited (which hold in effect that ordinary negligence will not support a conviction of manslaughter, unless there exists culpability) which say that which is contained in State v. Ruffin, 344 Mo. 301, 126 S.W.2d 218, 222 [1, 2], "It is well settled by our decisions that the culpability necessary to support a manslaughter charge must be so great as to indicate a reckless or utter disregard for human life. (Citing cases.) And when the case involves culpable negligence in operating a motor vehicle on a public highway, the standard by which the culpability is measured is not 'the highest degree of care' (exacted by the Motor Vehicle Act), but is what a reasonably careful and prudent person would have done or not done in the circumstances, as contemplated by Sec. 3988, supra, in the criminal code. (Citing cases.) The question before us is whether under these rules and the evidence in this record the appellant was guilty of criminal negligence." See also 61 C.J.S. Motor Vehicles § 659, p. 772; 65A C.J.S. Negligence § 306, p. 1073 et seq. But what is meant by the Ruffin case and the above-

cited authority is that either the failure to exercise the highest degree of care or the failure to exercise ordinary care (see additionally State v. Simler, 350 Mo. 646, 167 S.W.2d 376, 382 [2–8]), standing alone, is insufficient to support a conviction of manslaughter. There must be existent facts showing the applicability of the *key words* of the case-defined term "culpable negligence" and those are: such facts or circumstances *"showing on the part of such person a careless or reckless disregard for human life or limb."* State v. Studebaker, supra, loc. cit. 66 S.W.2d 879. Instruction No. 7, above set out, contains these key words, "showing on the part of such person a careless or reckless disregard for human life or limb." The jury was thus instructed that something more than ordinary negligence or the care of a very careful and prudent person (which is the definition of the highest degree of care required by § 304.010, RSMo 1959, V.A.M.S, as set forth in MAI 11.01) necessary to support a case of civil liability would be required as a finding prerequisite to a conviction of manslaughter. With respect to the operation of a motor vehicle upon the public highways of this state, the Legislature has set the standard as the exercise of the highest degree of care under said § 304.010. It follows then that no higher degree of care was placed upon appellant in this case than was placed upon him by law. The employed preliminary words "very careful and prudent person" could not have placed any additional degree of care upon appellant than to so conduct himself, in his motor vehicle on the public highway, as not carelessly or recklessly to disregard human life and limb, which is the basis of the offense under § 559.070, supra. Assuming, furthermore, that appellant's contention is correct that Instruction No. 7 set forth more than the ordinary care mentioned in previous cases, appellant could not have been prejudiced. The finding of the jury under the instruction would have to be *more* than a lack of ordinary care which appellant contends is his duty. This increased the burden on the state, rather than

placing an additional burden on appellant. Instruction No. 7 being therefore not improper, it was not incumbent upon the court to further cover the matter and give appellant's offered Instruction No. E charging that the culpability must be so great as to indicate a reckless or utter disregard of human life, and even though appellant failed to exercise ordinary care or even the highest degree of care, it would not be sufficient to establish his guilt of the offense charged. Point I is overruled.

■ Appellant next contends that the court erred in giving Instruction No. 4 upon the subject of his defense of accident. Although objection was made to the giving of this instruction, the argument here made was not set out in its particulars in appellant's motion for new trial. He therefore urges that plain error was committed against him within Supreme Court Rule 27.20, V.A.M.R.

The portion of Instruction No. 4 attacked is:

"The Court further instructs the Jury that by the term 'accident' as used in this instruction is meant an event or occurrence resulting in damage, injury or death proceeding without human fault as is described in instruction No. 7."

Appellant contends that his offered Instruction No. C (as approved in State v. Martin, 349 Mo. 639, 162 S.W.2d 847) in its definitive portion should have been given:

"The Court instructs the jury that by the term 'accident' is meant an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event. An undesigned and unforeseen occurrence of an afflictive or unfortunate character; a mishap resulting in injury to a person or damage to a thing; a casualty; as to die by an accident."

Section 559.050, RSMo 1959, V.A.M.S., provides that "Homicide shall be deemed excusable when committed by accident or misfortune, in either of the following cases: (1) In lawfully correcting a child, apprentice or servant, or in doing any other lawful act by lawful means, with usual and ordinary caution, and without unlawful intent; * * *." While Instruction No. 4 does not follow the extensive synonym language of State v. Martin, supra, on the subject of accident, it does define that defense as being an event or occurrence resulting in damage, injury or death proceeding without human fault. Reference is then made to Instruction No. 7, supra, as to acts constituting human fault, i. e., the doing of some act "which a very careful and prudent person under like circumstances would not do, showing on the part of such person a careless or reckless disregard for human life." In the first part of Instruction No. 4 the jury was instructed that one of the defenses in the case was that of accident and that the appellant was not required to prove the occurrence was an accident but that the burden of proof was upon the state to show that the occurrence was not an accident but was "the result of the careless, reckless, felonious and culpable negligence of the defendant, as submitted in other instructions, and unless the evidence has so proved, you should acquit the defendant." The jury was thus informed that a defense was accident; it was not misled; and Instruction No. 4 followed the intent of § 559.050, supra. Appellant's defense of accident was not destroyed, but it was for the jury to consider under the evidence. The giving of Instruction No. 4 was not plain error affecting appellant's substantial rights. Under the instruction, human fault could not have been only an Act of God as contended, but in the circumstances of this case, by the reference to Instruction No. 7, could have been only the culpable negligence defined therein. Appellant's Point II is overruled.

■ The last and third point of appellant is that the court erred in refusing his offered Instruction No. D to the effect that the fact alone that he had been drinking intoxicating beverages would not be

sufficient to establish wilful or culpable negligence. This was a cautionary instruction and not also a converse instruction to the state's main instruction as appellant contends. It was not therefore a matter required by Supreme Court Rule 26.02(6) to be instructed upon as a question of law necessary for the jury's guidance. Furthermore, the matter of appellant's drinking was not covered in any of the given state's instructions, nor was the matter of any *wilful* negligence. The trial court did not err in refusing to give Instruction No. D, and Point III is overruled.

Matters specified by Supreme Court Rule 28.02, V.A.M.R., are complied with, and the judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

On motion for rehearing and motion to transfer.

PER CURIAM.

In his motion for rehearing or for transfer to the Court en Banc appellant insists that our opinion herein conflicts with, but does not overrule, earlier cases which considered the question of culpable negligence in manslaughter cases. Various cases are cited and discussed, but he points particularly to State v. Ruffin, 344 Mo. 301, 126 S.W.2d 218.

Ruffin did not involve and did not even discuss any instruction. It was reversed and remanded for error in the admission of testimony. The court considered, but did not decide finally, whether the state made a submissible case. It discussed culpability and correctly stated that this was not to be measured by whether the defendant exercised the highest degree of care according to the standard established by the Motor Vehicle Act. Rather, the court held it was to be determined on the basis of what the manslaughter statute contemplated. In that connection, the court did use the language "a reasonably careful and prudent person" in making reference to the fact that the standard was what is contemplated by the manslaughter statute.

■ An instruction defining "culpable negligence" in a manslaughter case should tell the jury that the term means either the doing of, or the omission to do, an act which shows on the part of a person a careless or reckless disregard for human life or limb. It is not necessary or desirable in that instruction to use the terms "highest degree of care" or "what a reasonably careful and prudent person would have done." The test of culpable negligence is neither of these. Instead, it is more, namely, whether the defendant has shown a careless or reckless disregard for human life or limb.

We hold that the inclusion of the words "a very careful and prudent person" in Instruction No. 7 was not prejudicial to defendant because it did not place any additional duty of care on him. The subsequent language in the instruction properly submitted the question of whether he had done or failed to do some act showing on his part a careless or reckless disregard for human life or limb.

To the extent that language in State v. Ruffin, supra, or other earlier cases may conflict with what we have said herein and indicate the necessity of including a reference to an ordinarily careful and prudent person in a manslaughter instruction based on culpable negligence, such cases should be disregarded.

Other contentions raised in the motion for rehearing have been considered and are overruled, and the motion for rehearing or to transfer to the Court en Banc is overruled.