STATE of Missouri, Respondent,

v.

L. E. BECK, Appellant.

No. 54145.·

Supreme Court of Missouri, Division No. 1.

Dec. 8, 1969.

Motion to Transfer to Court En Banc or for Rehearing Denied Feb. 9, 1970.

John C. Danforth, Atty. Gen., Warren K. Morgens, Ast. Atty. Gen., Jefferson City, for respondent.

Dorman L. Steelman, Salem, Charles T. Smallwood, Northern, Williams & Smallwood, Rolla, for appellant.

HENLEY, Chief Justice.

L. E. Beck, defendant, appeals from a judgment of conviction of manslaughter by culpable negligence in the operation of a motor vehicle for which he was sentenced to three years in the custody of the Department of Corrections. Sections 559.070 and 559.140, RSMo 1959, V.A.M.S. We affirm.

Defendant contends the court erred in overruling his motion for judgment of acquittal filed at the close of all the evidence, because the evidence is not sufficient to sustain the judgment of conviction.

The evidence, in a light most favorable to the verdict, is as follows. Mrs. Alta Pummill was killed Saturday evening, July 15, 1967, at about eight o'clock, as a result of a motor vehicle collision approximately four miles north of Eminence in Shannon county. Near that hour defendant was driving his Ford pickup truck from a fishing trip on the upper Current River to his home in the town of Eminence. His route took him south on State Highway No. 19, which, in this general area, twists, turns and curves through some of the largest and most rugged mountains of the Ozark range in the southeastern part of Missouri. A highway patrolman testified defendant was intoxicated. Another witness for the state testified that defendant's truck was traveling 75 or 80 miles per hour at the time of the collision. At about the same time, David Pummill, his wife, Alta, and his adult son, Sam, of Eminence, were traveling north on Highway 19 in the Pummill's Chevrolet. Sam was driving.

As the Pummill Chevrolet, traveling about 45 miles per hour upgrade in its righthand (east) lane of the highway, approached the crest of a mountain, defendant's truck rounded a curve or turn to its right and came over the crest skidding more or less sideways in the east lane. Sam "jerked" his wheels to his right but was unable to get out of the path of the skidding truck and the two vehicles collided on the east side of the highway with such great force that the truck broke into three large pieces. Skid marks caused by the truck began in the center of the highway and extended south in the east lane and on the east shoulder 215 feet to the point of impact.

" ' "The rule is well established by the decisions of this Court that negligence to be deemed culpable within the meaning of the statute and, therefore, criminal, is something more than ordinary, common-law, or actionable negligence. The culpability necessary to support a manslaughter charge must be so great as to indicate a reckless or utter disregard for human life." * * * State v. Adams, 359 Mo. 845, 224 S.W.2d 54, 57 * * *. In the Adams case the court said: "The fundamental requirement to fix criminal responsibility for the consequences of culpable negligence under Sec. 4382 (RSMo 1939) [V.A.M.S. § 559.070] is knowledge actual or imputed that the negligent act would tend to endanger human life. State v. Studebaker, supra [334 Mo. 471] 66 S.W.2d [877] loc. cit. 881, and authorities there cited." ' " State v. Mintner, Mo., 429 S.W.2d 762, 764.

Considering this evidence, the jury reasonably could have found that defendant drove his truck while intoxicated over the highway through a dangerous mountainous area, at a speed of 75 miles per hour or more and that this conduct constituted such negligence as to indicate a reckless and utter disregard for, and indifference to, human life, and that defendant knew, or should have known, his actions were likely to endanger human life. State v. Morris, Mo., 307 S.W.2d 667, 672; State v. Adams,

359 Mo. 845, 224 S.W.2d 54, 57; State v. Cutshall, Mo., 408 S.W.2d 94, 96. There is sufficient substantial evidence to support the conviction and the court did not err in overruling defendant's motion for judgment of acquittal.

■ The first two points briefed by defendant are closely related; in both he attacks the information on which he was tried. In the first he contends the court erred in overruling his motion to quash the information, because, he says it contains inconsistent charges in that it charges an intentional killing and an unintentional killing by culpable negligence. He also asserts that it erroneously combines in one count two separate, distinct charges: second degree murder and manslaughter, and placed him in the untenable position of not knowing which to defend. In his second point defendant contends the information was fatally defective, because it failed to allege facts sufficient to inform him of the offense with which he was charged.

The information, omitting caption, signature and formal parts, charges that " * * upon the 15th day of July, 1967, in said County of Shannon, and the State of Missouri, the defendant did then and there *wilfully, maliciously, intentionally, unlawfully and with specific criminal intent,* drive and operate a certain motor vehicle, to-wit: a Ford pickup truck, moving and being propelled on Highway 19, a public highway of the County of Shannon, State of Missouri and did then and there carelessly, recklessly, feloniously and with culpable negligence drive and propell the said vehicle with great force and violence against another vehicle in which one Alta Pummill was a passenger throwing the said Alta Pummill against the inside of said vehicle then and thereby driven on the said highway and did then and there carelessly, recklessly, feloniously and with culpable negligence give the said Alta Pummill certain blows, bruises, concussions, wounds and mortal injuries from which the said Alta Pummill did die on the 15th day of July, 1967, * * *." (Emphasis supplied.)

His contention that the information charges intentional and unintentional killing and that the two are inconsistent is essentially the same as the point raised by and ruled against the appellant in State v. Cutshall, Mo., 408 S.W.2d 94, 97 [2]. There the information charged that the appellant acted, "wilfully and through culpable negligence." The court ·held, as against this attack, that the information was sufficient and that the word "wilfully" was mere surplusage. It is said in 40 C. J.S. Homicide § 156a, p. 1053: "On an indictment for manslaughter an allegation of malice aforethought is of course unnecessary, and, where the crime is otherwise sufficiently charged, may be rejected as surplusage."

The information in this case is sufficient to charge manslaughter by culpable negligence[1] and the words emphasized in the information are rejected as surplusage.[2]

The information does not charge the additional offense of murder, second degree; it does not allege that defendant's acts were "premeditated" and with "malice aforethought."

■ Defendant asserts that the information is fatally defective, because it alleges mere conclusions, not facts; that it should have alleged such facts as (1) the rate of speed of his vehicle and whether it was excessive or not; (2) his direction of travel; (3) the manner in which he was driving; and (4) the specific location of the collision.

It is not essential that an information charging manslaughter by culpable negligence in the operation of a motor vehicle set out in detail the particulars of which such carelessness, recklessness and culpable negligence consist. State v. Watson, 216 Mo. 420, 115 S.W. 1011, 1014 [1]. Moreover, had defendant desired these evidentiary facts, they were available to him through a motion for a bill of particulars. Supreme Court Rule 24.03, V.A.M.R.

■ Defendant's next point is that the court erred in permitting Sam Pummill to state his "opinion" as to the rate of speed defendant's truck was traveling, after he had stated he could not "judge" its speed. He further asserts the proper foundation had not been laid to qualify the witness Pummill to give an opinion.

Sam Pummill is twenty-five years of age and has driven automobiles for nine years. He testified he has, in that time, learned how to judge the speed of motor vehicles. The testimony about which defendant complains is as follows:

"Q. [by Mr. Buford] Do you think that you were able to judge the speed of that vehicle? A. No, sir.

Q. You couldn't give the benefit of your estimation to this jury? A. I could estimate it. That would be all.

MR. STEELMAN: I object Your Honor. He said he couldn't give the speed of this vehicle.

THE COURT: Based upon your experience from having driven in the past, do you have an opinion as to how fast this automobile was going?

A. I have an opinion, yes.

Q. (By Mr. Buford) And what is that?

MR. STEELMAN: We object to that opinion, Your Honor, for the reason no foundation is laid.

THE COURT: It'll be overruled.

Q. (By Mr. Buford) You may answer.

A. I'd say approximately seventy-five to eight (sic) miles an hour."

---

1. State v. Scheufler, Mo., 285 S.W. 419 [1]; State v. Renfro, Mo., 279 S.W. 702 [1]; State v. Hinojosa, Mo., 242 S.W. 2d 1, 7; State v. Feasel, Mo., 344 S.W. 2d 41, 45; State v. Cox, Mo., 333 S.W.2d 25, 31.

2. Supreme Court Rule 24.11, V.A.M.R.; State v. Cutshall, supra, 408 S.W.2d at 97.

We held in State v. Watson, 216 Mo. 420, 115 S.W. 1011 [2] that persons who know what motor vehicles are and have seen them operate may give their opinion as to the rate of speed, the weight of their opinion being for the jury to determine, 115 S.W. at 1014. The admission of this opinion testimony, after the witness said he could not "judge" defendant's speed, was largely within the discretion of the trial judge, and we find no abuse of discretion. The court did not err in permitting the witness to give his opinion of the speed of defendant's vehicle.

 Defendant's last contention is that the court erred in overruling his motion that the court instruct the jury to disregard an answer given by a witness for the state after the court had sustained an objection to the answer.

L. L. Meyer, a state highway patrolman, asked by the state to describe skid marks he found at the scene of the collision, answered: "The skidmarks were to the North of the point of impact where the two vehicles met and these skidmarks was left by the Southbound pickup truck and there was also skidmarks left by the other vehicle. The Chevrolet car." The court sustained an objection to this answer on the ground it was hearsay evidence, because the witness did not see the vehicles make the skid marks, but it immediately overruled defendant's motion to instruct the jury to disregard the answer. If the court erred in refusing to so instruct the jury the error was not prejudicial to defendant. Later in his testimony the witness testified to essentially the same facts but in more detail, without objection by defendant. In these circumstances, the error, if any, was cured, and could not have been prejudicial to defendant.

The judgment is affirmed.

SEILER, P. J., concurs.

STORCKMAN, J., absent.

HOLMAN, J., not sitting.