STATE of Missouri, Respondent,

v.

James Edward WALLS, Appellant.

No. 41096.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1980.

Richard A. Fredman, Fredman, Watkins, Fredman & Kopf, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from a judgment imposed after a jury convicted him of the offense of burglary second degree. The trial court sentenced him under the Second Offender Act to serve a term of four years in the Department of Corrections.

The state produced police officer Thomas Toth as a witness. On the afternoon of February 17, 1978, he received a radio call regarding a burglary at Penrose and Clay. He answered the call and when he arrived at the intersection he saw defendant kick open the front screen door and take one step outside carrying an air conditioner. Defendant ran back into the house and Toth turned his car west on Penrose. He saw defendant run out of the backyard of the house and go west on Penrose. He stopped defendant who was perspiring and appeared nervous. Upon returning to the house, he found the lock on the front door broken and the house ransacked. He observed the air conditioner on the table by the door.

The house was that of Mr. and Mrs. Vernon Williams. Mr. Williams testified that when he returned home about 3:30 p. m. after being called by the police, he found the lock on his front door torn off and the house ransacked. The air conditioner had been moved from the kitchen to a coffee

table in the living room near the front door. He had left for work at around 5:30 a. m. His wife testified that when she left the house to go to work at 1:00 p. m. the house was locked.

A polygraph examiner for the St. Louis Police Department testified that he had given defendant a polygraph test. He asked defendant a series of questions concerning the burglary. Defendant denied involvement. The examiner stated in his opinion the defendant was not truthful in his responses.

As his first point on appeal, defendant contends that the trial court erred in overruling his objection to the receipt of records of defendant's previous convictions for the purpose of proving that he was a "second offender." He contends "there was no showing that there had been a factual basis for the guilty plea that the defendant had been informed of his constitutional rights relating to trial that he knowingly or voluntarily waived those rights and that he entered the plea of guilty upon the recommendation of his legal counsel. . . ."

■ To meet its burden of proof as to the applicability of the "Second Offender Act," the state had to prove that the defendant was convicted of a prior offense punishable by imprisonment in the penitentiary, that he was sentenced for that offense, and that he was placed on probation or parole, fined, or imprisoned therefor. *State v. Blackwell,* 459 S.W.2d 268, 272 (Mo. banc 1970).

■ The state presented the testimony of the deputy circuit clerk who read into the record an entry found in the Record Book Division 12, book 3, Circuit Court of Criminal Causes on page 32. The entry was dated Monday, June 28, 1976, pertained to *State v. James Edward Walls,* Cause No. 76–1311, and read:

Now on this date comes the Assistant Circuit Attorney for the State and the defendant herein in person in the custody of the Sheriff of this City and in the presence of Jeffrey Shank, Public Defender, in open court.

Whereupon the Court orders the official court reporter to take notes to preserve the evidence.

Whereupon by leave of court and consent of the State, defendant withdraws his former plea of not guilty and now enters a plea of guilty to the crime of feloniously failing to appear on bail bond.

Said plea being accepted by the Court upon recommendation of the Circuit Attorney for the State and being now asked by the Court if he has any legal cause to show why judgment should not be pronounced against him according to law, and still failing to show such cause, is, therefore, sentenced, ordered and adjudged by the Court that the said defendant, James Edward Walls, having pled guilty as aforesaid under an information against him, be committed to the Department of Corrections for the State of Missouri for a period of two years; there to by kept and stand committed until the judgment and sentence of this court herein be complied with or until said defendant shall be otherwise discharged by due course of law.

It is further considered, ordered and adjudged by the Court that the State have and receive of said defendant the costs in this cause expended and that hereof execution issue therefor.

Defendant made no objection to the admission of this evidence. However, the defendant did object to the State's exhibit from the Department of Corrections relating to his sentence and discharge on the basis of an improper foundation. However, in both his motion for new trial and his point on appeal defendant alleges that the State failed to produce evidence that 1.) there was a factual basis for the guilty plea, 2.) he had been informed of his constitutional rights relating to trial, and 3.) he had knowingly and voluntarily waived the same.

Although it appears that defendant failed to preserve this point by making a proper objection at the time of the presentation of the evidence, we need not deal with this failure here because the point is without merit. Subsequent to the trial of this case

and the preparation of the briefs, the Supreme Court of Missouri was confronted with exactly the same point in *State v. Quinn*, 594 S.W.2d 599 (Mo. banc 1980). There, the Supreme Court said:

It is clear from these facts that the state met its burden by the admission of testimony and certified records to invoke the application of the Second Offender Act. In order to accept appellant's claim [that the record did not show that appellant had waived his right to trial by jury and all constitutional rights connected therewith or that the plea had a factual basis]. On this point, the Court would have to find the following: (1) that the minutes as admitted constituted the *entire* record of the guilty plea proceeding; (2) that as such the record was invalid on its face; (3) that the requirements of Rule 25.04 on the court's duty in accepting a guilty plea must be met affirmatively by the state in its proof for the application of the Second Offender Act; and (4) that upon objection to the "record" by appellant, the state has a further burden of overcoming such objection. This we cannot do under the facts of this case.

The facts in the *Quinn* case are almost identical to the facts in this case as they pertain to the record offered and received in evidence and the defendant's contention on appeal. It is unnecessary for us to go into the reasoning of the Supreme Court in the *Quinn* case and we refer those who are interested to that case.

■ Defendant next contends that the court abused its discretion in sustaining the state's motion in limine and thereby restricting defendant's explanation as to his prior convictions.

The defendant took the stand in his own defense. Prior to his testimony, the state moved that the defendant not be allowed to explain that he had entered pleas of guilty to his previous convictions. The court said: "Confine it just to conviction." We believe that the court's ruling here was within the proper bounds of its discretion. *See State v. Lee*, 536 S.W.2d 198, 199–200 (Mo.App. 1976).

Defendant finally contends that the trial court erred in overruling his motion for judgment of acquittal because the evidence adduced at trial was insufficient to establish his guilt. Defendant submits that we should review his case for sufficiency of evidence under the circumstantial evidence standard, namely whether the facts and circumstances are consistent with each other and with the hypothesis of defendant's guilt as well as being inconsistent with defendant's innocence and excluding every reasonable hypothesis of innocence. *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977).

■ Numerous cases hold that if there is any direct evidence of the crime, a circumstantial evidence instruction is not required. Here, there was direct evidence establishing guilt and therefore a circumstantial evidence instruction was not required. Nevertheless, defendant offered and the trial court gave a circumstantial evidence instruction. Regardless, the facts stated earlier demonstrate that the state proved its case by direct evidence.

Even if we were to review the facts in the light most favorable to the state under the standard of proof required to make a circumstantial evidence case, we would find the facts and circumstances consistent with each other and the guilt of the defendant, and inconsistent with any reasonable theory of his innocence.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.