**STATE of Missouri, Respondent,**

v.

**Richard Thomas BROWN, Appellant.**

**No. 43732.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Nick A. Zotos, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Dennis Kehm, Asst. Prosecuting Atty., Hillsboro, for respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction by a jury of two counts of manslaughter by culpable negligence in operating an automobile in violation of § 565.005 RSMo.1978. The jury assessed a punishment of five years imprisonment on each count. The court sentenced the defendant in accordance with the jury's assessment and ordered the two five-year terms to run consecutively. Defendant alleges that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence on the ground that the evidence was insufficient to support the verdicts. We affirm.

The rule is well established in Missouri that criminal culpable negligence is "something more than ordinary, common-law, or actionable negligence. The culpability necessary to support a manslaughter charge must be so great as to indicate a reckless or utter disregard for human life." *State v. Schneiders*, 345 Mo. 899, 137 S.W.2d 439 (1940). To determine whether the state made a submissible case on the issue of culpable negligence, we accept as true all evidence favorable to the state regardless of who submitted it. We also accept as true all reasonable inferences drawn from that evidence. We disregard all evidence and inferences to the contrary and resolve all conflicts in the evidence in favor of the jury's verdict. *State v. Kays*, 492 S.W.2d 752, 758 (Mo.1973). Reviewed under this standard, the evidence here clearly supports the jury's verdicts.

At approximately 2:30 a. m. on November 30, 1979, defendant was driving a car east on Highway 30 in Jefferson County, Missouri, when it collided with a car proceeding west. The two occupants of the westbound car died as a result of injuries they sustained in the collision.

The state presented considerable evidence that the defendant was intoxicated at the time of the collision. This evidence included a blood alcohol test showing that, shortly after the collision, defendant's blood alcohol level was .129 percent. Section 577.012 RSMo.1978 prohibits any person with a blood alcohol level of .10 percent or greater from driving. Further, the state introduced evidence that at the moment of the collision, defendant's car was on the left side of the center line of the highway.

The defendant took the stand and admitted that on the evening of the accident he had drunk between 11 and 13 cans of beer, had shared an additional two pitchers of beer with three companions, and had smoked marijuana. Further, he stated he saw the oncoming headlights of the victims' car, but could not determine which lane those headlights were in. He said he swerved to the left and crossed the center line in an attempt to reach the shoulder on the left side of the road and thus avoid a collision. He stated he did not pull off on the right shoulder because there was a small concrete curb on that side. Defendant also testified that he did not honk the horn, flash the lights, or otherwise attempt to warn decedents.

■ We recognize that evidence of intoxication will not alone support a manslaughter conviction, but may be considered along with other evidence as showing culpable negligence. *State v. Carter*, 451 S.W.2d 340, 344 (Mo.1970). Here, however, in addition to evidence of defendant's intoxication, there was evidence that defendant's car was on the wrong side of the road at the time of the collision, that he was unable to determine which side of the road the victims' car was on, and that he did not attempt to warn the victims. We believe the evidence established a strong case of man-

slaughter. Courts of this state have held similar evidence sufficient to show culpable negligence and to support convictions of manslaughter. *See State v. Kays*, 492 S.W.2d at 758, and the cases discussed therein.

Affirmed.

SNYDER and CRIST, JJ., concur.