**STATE of Missouri, Respondent,**

v.

**Kirtus Allen DEVALL, Appellant.**

**No. WD 33877.**

Missouri Court of Appeals,
Western District.

May 10, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
June 28, 1983.

Application to Transfer Denied
Aug. 16, 1983.

L.R. Magee, Hines & Magee, Kansas City, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

CLARK, Presiding Judge.

Kirtus Allen Devall was convicted of manslaughter arising out of the death of another motorist in an automobile accident. He appeals the judgment of conviction and sentence of two years. Affirmed.

The criminal information in this case was filed following investigation of a vehicular collision which occurred shortly before midnight on February 7, 1981 on Missouri Highway 13 in Lafayette County. Appellant was the occupant and apparent driver of one of the cars and Charles Homfeld the driver of the other. There were no known witnesses to the accident apart from appellant and Homfeld who suffered fatal injuries in the collision. At the scene, the two cars were found to the east of the travelled roadway, the Homfeld car headed north and completely on the highway shoulder and appellant's car facing the opposite direction partially on the shoulder and partially on the pavement. It was surmised that the vehicles had met head-on.

The state adduced evidence of appellant's activities earlier in the evening at a tavern known as the Sportsman's Bar in Dover, Missouri. That location is north of the accident scene which is, in turn, north of appellant's then residence in Harrisonville. At the bar, appellant was observed by witnesses to be drinking heavily and in a rowdy and combative mood. The evidence covered a time period some two hours before the accident. Other evidence from a highway patrol officer who investigated the accident and a nurse at the hospital where appellant was taken for treatment of injuries described a strong odor of alcohol about appellant and his uncooperative attitude and inappropriate responses. The state's case was based on the contention that appellant was culpably negligent in operating his automobile while in a state of alcohol intoxication.

In his first point on this appeal, Devall asserts that the information on which he was charged and tried was insufficient and thus the trial court was without jurisdiction to render judgment and sentence. That information reads as follows:

"The Prosecuting Attorney of the County of Lafayette, State of Missouri, charges that the defendant, in violation of § 565.-005, RSMo, committed the felony of manslaughter punishable upon conviction under § 565.031, RSMo in that defendant unlawfully killed Charles Homfeld by defendant's culpable negligence in operating an automobile on or about February 7, 1981, in the County of Lafayette, State of Missouri, thereby causing Charles Homfeld to die on February 19, 1981, in the County of Jackson, State of Missouri."

Defendant moved for dismissal of the charge after the jury was sworn and after opening statements were made and again sought a ruling on the sufficiency of the information before the case was submitted. The trial judge indicated some reservations but overruled the motion. The defects in the information were reasserted in the motion for new trial and are contended here to require that the judgment be reversed.

The statute under which Devall was charged § 565.005, RSMo 1978,[1] proscribes the killing of a human being by the act, procurement or culpable negligence of another, not otherwise statutorily declared to be murder or excusable or justifiable homicide. Culpable negligence means disregard of the consequences which may ensue from the act and indifference to the rights of others. *State v. Manning,* 612 S.W.2d 823 (Mo.App.1981).

Appellant contends the information quoted above was insufficient because it did not contain a plain, concise and definite statement of the essential facts constituting the offense charged. In particular, it is appellant's argument that the information does not apprise him of what acts, conduct or omissions are contended to have been culpably negligent and, thus, he was faced with

---

1. Section 565.005 was amended by Laws 1982, S.B. 513 to exclude the crime of vehicular manslaughter. This new offense committed by the accused while intoxicated or under the influence of drugs is denominated a Class C felony and is set out in § 577.005 Laws of Missouri 1982, S.B. 513.

preparing to defend against unknown factual elements of the state's case.

A similar contention was made and rejected in *State v. Beck, 449 S.W.2d 608 (Mo.1969)*, a case of almost identical facts. There, Beck's truck was proceeding south when it collided in the opposite traffic lane with a northbound vehicle in which the deceased was a passenger. Beck was shown to have been intoxicated and driving at high speed. The information charged Beck with culpable negligence in driving his vehicle, but included no facts such as the rate of speed, the direction of travel, the manner in which Beck was driving or even the specific location of the collision. The court summarily ruled the point against the defendant stating: "It is not essential that an information charging manslaughter by culpable negligence in the operation of a motor vehicle set out in detail the particulars of which such carelessness, recklessness and culpable negligence consist." *State v. Beck, supra, at 611.*

There is difficulty in reconciling the decision in the *Beck* case with the principle set out in *State v. Kesterson, 403 S.W.2d 606 (Mo.1966)* where it was said that if the statute creating the offense used generic terms and does not individuate the offense with such particularity as to notify the defendant of what he is to defend against, an information which follows the language of the statute is insufficient. The offense in *Kesterson* was stealing by means of deceit. The information charged the defendant with stealing by means of deceit from one Walker the sum of $2,564.00. It was there held that stealing by means of deceit is an offense defined in generic terms and an information charging this offense must recite the conduct constituting a theft by deceit. The opinion also pointed out that a defect of this nature is fatal and is not waived by failure of the accused to seek a bill of particulars.

■ The offense of manslaughter by culpable negligence as set out in § 565.005, RSMo 1978 is an offense described in generic terms and constitutes a general rather than an individuated charge when repeated in statutory language in an information even if accompanied by the detail of "operating an automobile." The similarity of the offense of theft by deceit in this respect is unmistakable. Under the rationale of *Kesterson*, therefore, it would seem that the information in manslaughter should also recite the conduct contended to be culpably negligent. In the present case, it is to be noted that appellant was not even alleged in the information to have operated his vehicle while in an intoxicated condition.

■ Despite the apparent conflict in the cases, this court is bound to follow the precedent of *State v. Beck* which cites a number of prior Missouri decisions to the same effect. Because the cases all involve vehicular homicides, it can only be concluded that automobile cases constitute an exception to the general rule.

■ In his second point, appellant argues that the evidence presented was insufficient to take the case to the jury and that his motion for acquittal should have been sustained. We review the evidence in this context by accepting as true all evidence and inferences supportive of the verdict and recognizing that our function is not to weigh the evidence but to determine whether there was sufficient evidence from which reasonable persons could have found appellant guilty as charged. *State v. Barber, 635 S.W.2d 342 (Mo.1982)*.

As stated above, there was evidence indicating appellant's intoxicated condition both before and after the collision. There was also testimony that appellant executed a reckless maneuver with his automobile about two hours earlier. While no one witnessed the collision and testified to the event, the directions in which the automobiles were facing were consistent with the assumption that appellant was southbound headed toward his home in Harrisonville and Homfeld was northbound going toward Lexington where he lived. The highway patrol officer testified there were no scuff or skid marks, thereby eliminating the likelihood the vehicles had been deflected significantly from their positions at impact.

The absence of skid marks is also suggestive of the conclusion that appellant veered into the oncoming lane of traffic and that Homfeld moved onto the shoulder in a futile attempt to escape. Also of telling effect was appellant's inquiry to the officer at the scene indicating he did not realize a collision had occurred.

■ Despite the lack of particularity in the information, the evidence was sufficient to persuade reasonable persons that appellant was intoxicated while operating his automobile on the night in question, that he was not in control of the vehicle but permitted the car to cross into the approaching traffic lane and that he struck the decedent's car head-on causing the injuries from which Homfeld later died. A number of reported cases involve very similar casualties with comparable proof at variance with the present case only in the details. The evidence in each has been held to be sufficient. *State v. Brown, 637 S.W.2d 395 (Mo. App.1982); State v. Kays, 492 S.W.2d 752 (Mo.1973).* The evidence here was also sufficient to show culpable negligence.

In a third point, appellant asserts the trial court erred in giving the jury the circumstantial evidence instruction, MAI–CR2d 3.42. The point is based on a contention that in the absence of any direct evidence showing how the collision occurred, the jury should not have been permitted to speculate how the vehicles reached their position after impact or before. Appellant argues that without testimony even showing his automobile was in motion before impact, the instruction gave a roving commission to the jury to engage in speculation and conjecture and to ignore the presumption of innocence.

■ The point is based on the faulty premise that a conviction could not be had in this case if the verdict depended on circumstantial proof. To the contrary, a submissible case may rest purely upon circumstantial evidence provided the facts and circumstances are consistent with each other and with the hypothesis of guilt and inconsistent with any reasonable hypothesis of innocence. *State v. McGowan, 636 S.W.2d 354, 356 (Mo.App.1982).* Even if the evidence is in part direct and in part circumstantial, the circumstantial evidence instruction may be given although it is not required. *State v. Walls, 597 S.W.2d 868, 870 (Mo.App.1980).*

■ It is unnecessary here to decide whether appellant's conviction depended on circumstantial evidence in whole or in part. The instruction is precautionary for the benefit of the accused and serves to limit the range of speculation in which jurors may engage. Appellant suffered no prejudice but was benefited by the instruction and is in no position to complain.

In a final point, appellant contends, without citation of any authority, that proof of his conduct and appearance at the Sportsmen's Inn two hours before the accident was inadmissible because those events were outside the scope of the information. The point would seem to depend on a requirement for particularity in the information, a contention discussed in the earlier portion of this opinion. In view of the disposition of the point related to the content of the information, this last point must also fail.

The judgment of conviction and sentence are affirmed.

All concur.