STATE of Missouri, Respondent,

v.

Mose HARRIS, Jr., Appellant.

No. 52344.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 7, 1988.

Application to Transfer Denied Feb. 17, 1988.

court-tried case under § 565.005, RSMo 1978 (repealed 10/1/84). He was sentenced to eight years for each count, with the various counts running consecutively and concurrently, for a total of sixteen years. We affirm.

■ We view the evidence and all reasonable inferences to be drawn therefrom in a light most favorable to the verdict. Because this is a case built on circumstantial evidence, the facts and circumstances must be consistent with each other and the hypothesis of the defendant's guilt and inconsistent with every reasonable hypothesis of his innocence. However, the circumstances need not demonstrate the impossibility of innocence. *State v. Barker*, 700 S.W.2d 128, 129[1] (Mo.App.1985).

■ "Every killing of a human being by the ... culpable negligence of another ... shall be deemed manslaughter." § 565.005, RSMo 1978 (repealed 10/1/84). The culpability necessary to support a manslaughter charge is negligence so great it indicates a reckless or utter disregard for human life. When the charge involves the operation of an automobile, the standard is "what a reasonably careful and prudent person would have done or not done in the circumstances...." *State v. Cutshall*, 430 S.W.2d 173, 176[1] (Mo.1968). To prove criminal responsibility for culpable negligence, the facts must show knowledge, actual or imputed, that the negligent act would tend to endanger human life. *State v. Herring*, 502 S.W.2d 405, 409 (Mo.App. 1973).

On the evening of August 21, 1981, Jane Mallonee and her two sons, age nine and eleven, and Bonnie Carol Wolfe were traveling eastbound on Highway 60 from Springfield to Sikeston in Jane's 1979 Camero. Approximately one-quarter to one-third mile from the Fisk Bridge, the Camero was seen traveling in the eastbound lane in a normal fashion at a safe speed with its lights on. Shortly after the Camero got on the bridge, a witness saw steam rolling up and heard the sound of a crash.

The same evening, defendant and a passenger were traveling westbound on Highway 60 from Sikeston to Poplar Bluff. An

G.H. Terando, John Thomas Welch, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted of four counts of manslaughter in the deaths of the passenger in his automobile and three of four occupants in an oncoming automobile in a

off-duty Highway Patrol Officer observed defendant's car 14.7 miles east of the accident scene traveling at 70 m.p.h. and passing in an improper passing zone. About three miles from the accident, another witness estimated defendant's car was traveling in excess of 90 m.p.h. while passing another car. Upon passing that car, defendant went one-third to one-half of the way off the road on the right and then recrossed the centerline to the left. Thereafter, defendant passed another car, forcing that car and an oncoming car off the road. Even at an estimated speed of 90 m.p.h., there was too little space for defendant to pass. About a mile from the bridge, the passenger in a car defendant had passed saw brake lights, smoke and steam. When this car reached the bridge, the witness saw the defendant's car had collided with the Mallonee vehicle.

The speed limit on the Fisk Bridge was 45 m.p.h. The pavement was dry. From the west, the roadway is straight. From the east, there is a rise and a slight curve, but it is fairly level. Defendant's car left 79 feet of scuff marks near the centerline in the eastbound lane. The scuff marks did not indicate braking by defendant.

A gouge mark in the pavement indicated the point of impact was located three feet nine inches over the centerline in the Camero's eastbound lane. The tire scuff marks ended at the gouge mark. Defendant's car was seven feet from the gouge mark, or point of impact. The Camero had been knocked back 18 feet from the gouge mark. Damage to both cars was primarily to the front end. There was no evidence to indicate the Camero ever left its eastbound lane. Witnesses noticed a strong odor of alcohol coming from defendant's vehicle and a moderate to strong odor of alcohol coming from defendant's breath.

Defendant and nine-year-old Andy Mallonee were the only survivors of the collision. Andy was asleep at the time of the accident. Defendant put on no evidence in his behalf. He asserts the State's evidence was insufficient to support a conviction for manslaughter by culpable negligence.

■ Evidence of the odor of alcohol in the car, excessive speed, driving on the wrong side of the road, or near misses, each standing alone, would not be sufficient to prove culpable negligence. *State v. Bradley*, 670 S.W.2d 123, 126[1, 2, 3] (Mo.App.1984). However, when excessive speed is combined with other factors tending to show a reckless disregard for human life, there is sufficient evidence to support a finding of culpable negligence. *Herring*, 502 S.W.2d at 409.

Defendant's erratic driving had been observed nearly 15 miles before he reached the bridge. The only evidence concerning the Camero was that its driver was obeying the traffic laws and in the appropriate lane before the accident. The point of impact was three feet nine inches into the Camero's proper lane of travel. All of this, combined with the evidence of defendant's alcohol consumption leads us to the conclusion defendant's reckless disregard for human life was evidenced by the totality of the circumstances and, thus, his conviction was supported by sufficient evidence.

Judgment affirmed.

SATZ, C.J., and DOWD, J., concur.