DANIEL E. SCOTT, J.,
concurring.
I concur. The record includes evidence from which jurors could find that Miller, while driving in daylight on a road he knew, exceeded the speed limit and persisted in driving on the wrong side of the road, even into a blind curve, and thus “recklessly” killed the Rowdens.
I write only to take issue with dicta in two cases cited by Miller to the effect that driving on the wrong side of the road cannot alone support a vehicular homicide conviction. See State v. Harris, 743 S.W.2d 484, 486 (Mo.App.1987); State v. Bradley, 670 S.W.2d 123, 126 (Mo.App.1984).
There was testimony which, if believed, indicated that Miller kept driving on the wrong side of the road for a minute or more at highway speed. I think a jury might fairly conclude that a driver who stays on the wrong side of a highway at some point “consciously disregards a substantial and unjustifiable risk” of accident, grossly deviates from his obligation to drive with the highest degree of care, and thus drives “recklessly.” See § 562.016.4, RSMo 2000.