**S. W. LONGAN, III, Plaintiff-Respondent,**

v.

**Ronald E. HILL, d/b/a In-Ray Management, a Partnership, Defendant-Appellant.**

**No. 25658.**

Kansas City Court of Appeals, Missouri.

June 7, 1971.

Cottingham, Williamson, Gibson & Leonard, James S. Cottingham, W. Dudley Leonard, Independence, for defendant-appellant.

S. W. Longan, III, Kansas City, for plaintiff-respondent.

DIXON, Commissioner.

This case, arising on a transcripted judgment originally rendered in Magistrate Court in the amount of $559.81, was heard *de novo* by the Circuit Court which rendered judgment for the plaintiff in the amount of $559, the Circuit Court sitting without a jury. Defendant has appealed from that judgment raising two points, first, the application of the statute of frauds and, second, that the judgment of the trial court was against the greater weight of the evidence and clearly erroneous.

■ The evidence is short, consisting of the testimony of the plaintiff and of the defendant. Plaintiff testified that he was *employed by the defendant and a Mr. McKinley* to perform legal services for the *purchase and management* of the Titan Ice Machine Company, the payment of those fees to be guaranteed by In-Ray Management, a partnership, and the partners individually, the partners being Mr. Hill and Mr. McKinley. There is no evidence of any corporate action by Titan Ice Machine to employ plaintiff. Upon the hourly rate, the amount due was $968, and on the basis of the hourly rate and out-of-pocket expenses, the total amount owed was $1,119.61. McKinley has paid $559.81. The suit against Hill is for the balance due. There was testimony that the fees were reasonable and none to the contrary. Plaintiff admitted that some fees prior to the date of suit were paid by the corporation and that the agreement as to payment by the defendant was oral. The defendant denied that he agreed to pay the fees—that all of the services were rendered for the corporation. With respect to the second point raised by defend-

ant, we rule against him. The evidence presents squarely a fact question depending upon credibility. The trial court having resolved that issue against the defendant, we defer to his findings. Rule 73.01(d) V.A.M.R. Kellam v. Cooper, Mo.App., 404 S.W.2d 394. Cooper v. Freer, Mo.App., 385 S.W.2d 340. Bodine v. Wood Tech Corporation, Mo.App., 423 S.W.2d 193.

■ The second question raised by defendant, the application of the statute of frauds, is based upon Section 432.010, RSMo 1959, and is raised for the first time in his brief in this court. Appellant asserts that he is entitled to do so because this was an appeal from the Magistrate Court, and no formal pleadings were required. We specifically do not rule this question, since in our view, the statute of frauds does not apply in any event.

. Although not cited by either party, we believe the issue of the application of the statute of frauds on these facts is controlled by Sale v. Brown, Mo.App., 396 S.W.2d 750. That case is strikingly similar to the instant case in its facts and in the contentions made. In Sale, the plaintiff lawyer seeking payment for fees incurred in a tax case filed suit against individual defendants. The trial court gave judgment for him, and it was affirmed by the St. Louis Court of Appeals. The issue raised by the defendants was that they had only guaranteed payment of fees by the corporation and that since it was an oral agreement they were not bound thereby. The court held that there was no agreement by the corporation to pay the fees involved and that, therefore, there could be no guarantee of a non-existing agreement. The court also said that where the agreement was an original promise or undertaking between the parties regardless of the form of the agreement, no guarantee was involved. The following language is clearly applicable:

It is also the rule that if a contract is mainly for the benefit of an individual, it is not rendered unenforceable under the statute of frauds merely by reason of the fact that a corporation in which the individual is interested receives an incidental benefit during the performance of the contract. (1.c. 756)

In the case we are considering, all the testimony showed that the services to be rendered by the plaintiff were for the principal benefit of the individuals. The defendant and his erstwhile partner were only minority shareholders in the corporation, and such stock as they acquired was apparently acquired on the basis of the plaintiff's efforts in setting up the partnership to manage the corporation and as fees for such management. The contract for legal services was plainly for their benefit alone, and no question of guarantee exists in the case. Absolutely no evidence of a contract for legal services by the corporation is a part of this record. This being so, and no other basis for the application of the statute of frauds arising on these facts, we rule that it has no application in this case.

Judgment of the court below is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.