Sol JUNSBERG, d/b/a Junsberg Produce Company, Respondent,

v.

MILWAUKEE–KANSAS CITY SOUTHERN JOINT AGENCY, Appellant.

No. 25883.

Missouri Court of Appeals, Kansas City District.

March 5, 1973.

to the circuit court and tried to the court without the assistance of a jury. The circuit court entered judgment for the plaintiff in the amount of $1,487.50. No detailed statement of fact is needful. Plaintiff had received a shipment of produce which was located on a "team track" of defendant for unloading. Plaintiff was obligated to pay demurrage while the car was so located. Before unloading, the car was shipped north; and the produce spoiled. The factual dispute is whether the plaintiff released the car as empty.

The defendant, appellant here, contends that the trial court erred in entering the judgment, because first, the evidence was insufficient to support the judgment, and second, the plaintiff failed to sustain his burden of proof by a preponderance of the credible evidence.

Defendant by these points seeks to bring itself within Rule 73.01(d), V.A.M.R., which provides:

> "The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The rule is the only authority contained in defendant's brief. The difficulty with the defendant's position is that the testimony in this case viewed as a whole presents a square conflict between the evidence offered by the plaintiff and the evidence offered by the defendant. Plaintiff testified that he did not direct the movement of the car, and the defendant agent testified he received a telephone call from the plaintiff indicating that the car was empty. Upon the basis of that call, the car was placed in the ordinary stream of traffic from the freight yard, taken north; and, as a result, the produce was ruined. Presented with this square conflict in the testimony, the trial court entered judgment for the plaintiff. The appellate court will defer

Robert D. Youle, Harlan D. Burkhead, Kansas City, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel, for appellant.

William J. Gotfredson, Achtenberg, Sandler & Balkin, Kansas City, for respondent.

DIXON, Chief Judge.

Plaintiff filed an action in the Magistrate Court for damages to produce owned by him and transported by the defendant as a common carrier. The case was appealed

to the trial court when an issue of credibility appears, and the defendant's contentions cannot be sustained. Longan v. Hill, 468 S.W.2d 655, l. c. 656 (Mo.App.1971):

> "The evidence presents squarely a fact question depending upon credibility . The trial court having resolved that issue against the defendant, we defer to his findings. Rule 73.01(d) V.A.M.R. Kellam v. Cooper, Mo.App., 404 S.W.2d 394. Cooper v. Freer, Mo.App., 385 S.W.2d 340. Bodine v. Wood Tech Corporation, Mo.App., 423 S.W.2d 193."

See also Kester v. Jeter, 481 S.W.2d 510, l. c. 513 (Mo.App.1972).

The second statement of defendant's contention with respect to the burden of proof is a thinly disguised effort to request this court to weigh the evidence and determine the issue of credibility which, as indicated above, is not the province of this court under the fact situation here presented.

Judgment for the plaintiff is affirmed.

All concur.