**CITY OF SPRINGFIELD,
Plaintiff-Respondent,**

v.

**Michael A. HINES, Defendant-Appellant.**

**No. 12025.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 16, 1981.

Patti J. Ross, Asst. City Atty., Springfield, for plaintiff-respondent.

Craig F. Lowther, Johnson, Lowther & Cully, Springfield, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Michael A. Hines, was charged in the Municipal Court of Springfield, Missouri, with violation of Section 22–83 of the Code of the City of Springfield. This section provides, in substance, that every person driving a motor vehicle upon a public street, or a public or private parking lot, shall operate his vehicle in a careful and prudent manner at a rate of speed so as not to endanger the life or property of any person. Defendant was court-tried and convicted in the municipal court. He then appealed to the Circuit Court of Greene County, Missouri, for a trial de novo. After court trial, he was again found guilty and fined $25. This appeal followed.

Defendant contends that the trial court erred in failing to sustain his motion for directed verdict at the close of the city's case because a) the city failed to establish that defendant's actions as charged constituted careless and imprudent driving, and b) there was a material difference between the charge filed by the city and the proof adduced in its behalf at time of trial. Barnes was the only witness offered by the city. At the close of his testimony, defendant moved for a directed verdict in his favor. The motion was overruled by the trial court. Defendant then presented evidence in his own behalf. By so doing, he waived any objection to the overruling of the motion. *State v. Davis*, 611 S.W.2d 384, 386 (Mo.App.1981). Even if he had not waived the alleged error, there is no merit in defendant's contentions here.

The complaint against defendant was a Missouri Uniform Traffic Ticket issued by Springfield police officer Larry Barnes. It alleged that on January 29, 1980, and that while patrolling in the area of the north entrance to the Battlefield Mall, Barnes saw defendant driving a Monte Carlo automobile on the mall parking lot. The parking lot was covered with ice. Defendant was "cutting donuts", which means spinning his car in circles. During one of these maneuvers, defendant was within 10–15 feet from automobiles parked on the lot, and 15–20 feet from pedestrians who had left the mall building and were walking on the parking lot. At that time, it did not appear to Barnes that defendant had his automobile under control as the rear end of the automobile was weaving from side to side.

Barnes testified that, in his opinion, the pedestrians and the automobiles parked on the lot were endangered by defendant's erratic driving. None of Barnes' testimony was objected to by defendant's counsel.

The testimony of defendant was to the effect that there were no pedestrians on the parking lot and no parked automobiles in the immediate vicinity when he was "cutting donuts." Where the evidence presents squarely a fact question depending on credibility, the trial court's resolution of the issue presented will be deferred to on appeal. Rule 73.01(d), V.A.M.R.; *Longan v. Hill*, 468 S.W.2d 655, 656 (Mo.App.1971). Evidently the trial court believed Officer Barnes.

We see no reason to interfere with the trial court's judgment as such testimony made a submissible case and established that defendant was in violation of the ordinance at the time and place in question. There was no variance between the written complaint and the testimony of the police officer substantiating the charge, and the trial court did not err in overruling defendant's motion for a directed verdict at the close of the city's case.

The judgment is affirmed.

All concur.