### STATE of Missouri, Plaintiff–Respondent,

### v.

### Todd R. MARTIN, Defendant–Appellant.

### No. 18243.

Missouri Court of Appeals,
Southern District,
Division Two.

April 12, 1993.

**422**

No appearance for plaintiff-respondent.

Tracy L. Edingfield, Asst. Public Defender, Joplin, for defendant-appellant.

PREWITT, Judge.

Following nonjury trial defendant-appellant was found guilty of driving while intoxicated and failure to stop at a stop sign. Defendant contends that there was insufficient evidence to support each conviction as the trial court did not "correctly appraise the testimony of David Engersol and Appellant." Engersol was a witness called at defendant's request.

Defendant cites one case under his points relied on, *State v. Walker*, 505 S.W.2d 119 (Mo.App.1973), but does not cite or discuss it in the argument portion of his brief. Other than stating the well known standard of reviewing the sufficiency of evidence to support a conviction, its relevancy escapes us.

In determining whether the evidence is sufficient to support a criminal conviction, "the evidence and all reasonable inferences must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded." *State v. Williams*, 600 S.W.2d 120, 121 (Mo.App.1980). On fact questions turning on credibility this court ordinarily defers to the trial court's determination. *City of Springfield v. Hines*, 622 S.W.2d 32, 34 (Mo.App.1981).

As the trier of fact the trial judge can believe all or part of a witness' testimony and reject the rest and can disbelieve testimony even if uncontradicted. *Rollins v. Schwyhart*, 587 S.W.2d 364, 367 (Mo. App.1979).

The testimony of the arresting officer alone was sufficient to support both convictions. The trial judge was not required to believe defendant or his witness.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.