**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard T. WELSH, Defendant–Appellant.**

No. 18270.

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 1993.

Ronald A. Conway, Reynolds & Conway, P.C., Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., John H. Kizer, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

GARRISON, Judge.

Appellant (defendant) appeals his conviction, after trial by the court, of careless and imprudent driving in violation of § 304.010.[1] For the reasons stated in this opinion, we affirm the conviction and orders of the trial court.

Defendant raises two points on this appeal: (1) the trial court erred in finding defendant guilty because there was no evidence of defendant's mental state which

1. All references to statutes are to RSMo 1986, V.A.M.S.

was required by the information alleging defendant "willfully" operated a motor vehicle in a careless and imprudent manner; and (2) the court abused its discretion in requiring defendant to complete an alcohol program as a condition of probation because there was no evidence that alcohol was involved in the offense or that defendant would benefit from such a program.

Defendant's first point alleges insufficiency of the evidence. In reviewing this claim, we accept as true all evidence, whether direct or circumstantial, which tends to prove defendant guilty, together with all reasonable inferences supportive of the conviction. *State v. Stepter,* 794 S.W.2d 649, 654 (Mo. banc 1990). In doing so, we disregard all contradictory evidence and inferences, looking only to whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Nelson,* 818 S.W.2d 285, 288 (Mo.App.1991). The evidence sufficient to support a conviction need not always be consistent, but rather it is within the province of the trier of fact to believe all, some or none of any witness' testimony. *Id.* Our function is not to weigh the evidence, but rather to determine if it was sufficient for reasonable persons to have found defendant guilty. *State v. Reed,* 816 S.W.2d 919, 921 (Mo.App.1991). In keeping with these principles, we set forth the facts of this case in the light most favorable to the State.

This case arose from an accident which occurred during the nighttime hours of July 15, 1991 in the northbound lanes of Highway 13 in Greene County, Missouri. The northbound lanes consisted of two driving lanes, a paved shoulder on the right, and a grass median on the left which separated the northbound lanes from the southbound lanes. Lee Watson was driving a pickup truck (the "Watson truck") occupied by his wife, Anita, and his stepbrother, Chris Taylor. The Watson truck was towing a trailer loaded with a race car which had been used earlier that evening in stock car races at Monett, Missouri. As

they proceeded north on Highway 13, they passed a small white foreign pickup truck operated by defendant. After making the pass, the Watson truck moved back into the right-hand lane. The evidence indicated that after defendant was passed he tailgated the trailer behind the Watson truck, then turned into the left-hand lane where he moved his truck approximately even with the Watson truck and motioned for them to pull over and stop. When the Watson truck did not comply, defendant swerved his vehicle toward the Watson truck, forcing it off the pavement, across the shoulder and onto the grassy portion adjoining the shoulder. Lee Watson, in attempting to regain control of his truck, swerved back onto the pavement, forcing defendant back into the left-hand lane. Defendant's second swerve in the direction of the Watson truck was not as severe and did not force it off the pavement. Defendant then threw a white cup over the roof of his pickup, hitting the Watson truck.

As the two vehicles proceeded north, Lee Watson would alternatively increase or decrease his speed in an effort to get away from the white pickup, but defendant would correspondingly increase or decrease his speed so that the vehicles continued essentially side by side until they overtook a northbound tractor-trailer truck operated by Daniel White.

Mr. White had noticed the two vehicles in his rearview mirrors and was able to ascertain that the vehicle in the left lane (defendant's vehicle) seemed to speed up and slow down in response to similar actions by the vehicle in the right-hand lane (the Watson truck). As the vehicles approached the back of his trailer, Mr. White moved the tractor-trailer from the right lane into the left lane. Lee Watson then attempted to pass the tractor-trailer in the right-hand lane, but before he could do so defendant attempted to move to the right and squeeze between the Watson truck and the tractor-trailer. When defendant was unable to get between the Watson truck and White's truck, he moved back into the left lane and then to the left shoulder. The Watson truck then started its pass of the tractor-trailer in the right-hand lane and defendant's truck started around it on the shoulder and grassy median on the left.

Mr. White denied forcing defendant onto the left shoulder of the road and testified that after he moved into the left lane he saw defendant's pickup directly behind him in the same lane. He then noticed the Watson truck beginning to pass him on the right. Thereafter, he noticed defendant's pickup passing him on the left on the grassy shoulder or median separating the northbound and southbound lanes. Defendant did not appear to be out of control until his pickup got close to the front of the tractor-trailer truck; it then suddenly veered to the right, was struck by the tractor-trailer truck, turned around in the roadway, and proceeded to strike the front of the Watson pickup, causing it to overturn three to four times. Defendant did not testify or present evidence.

■ In Point I, defendant points out that the information filed by the State alleged that "Defendant did willfully and unlawfully operate a motor vehicle in a careless and imprudent manner, to wit: by changing lanes on northbound Highway 13 from the passing lane to one shoulder, and back into the passing lane when such movement could not be made with safety, thereby endangering the life, limb or property of another person." Defendant's argument under this point is twofold: (1) because the information charged that he "willfully" drove in a careless and imprudent manner he could not be found guilty without proof of intent to commit the offense; and (2) the evidence was insufficient for conviction because it did not prove intent, but rather showed that defendant was forced onto the shoulder and did not have control of his pickup as he proceeded to pass the tractor-trailer on the left.

Defendant was charged with violating § 304.010, which provides in pertinent part:

Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or

the life or limb of any person and shall exercise the highest degree of care.

The statute itself does not prescribe a culpable mental state necessary for conviction. It clearly prohibits conduct in the operation of a motor vehicle which is less than careful and prudent and endangers the property, life or limb of another.

A corollary to defendant's argument can be found in cases involving vehicular manslaughter. It has been held that an information which charges manslaughter by alleging that the defendant acted "willfully and through culpable negligence" does not require proof of an intentional act and that the inclusion of the term "willful" in the charge constitutes mere surplusage. *State v. Beck,* 449 S.W.2d 608, 611 (Mo.1969); *State v. Cutshall,* 408 S.W.2d 94, 97 (Mo. 1966). In the instant case, it was apparent from the information that the offense being charged was that of careless and imprudent driving under the statute. There is no showing that defendant had any reasonable basis to be misled in this respect. *See State v. Henderson,* 750 S.W.2d 507, 513 (Mo.App.1988).

■ In considering whether the evidence is sufficient to support a conviction of careless and imprudent driving, it is proper to consider all of the circumstances and conditions existing at the time. *State v. Todd,* 477 S.W.2d 725, 728 (Mo.App.1972). Even if an element of intent was required by the wording of this information, which we do not specifically decide, we find that the evidence and inferences drawn therefrom were sufficient to support the conviction. Specifically, there was evidence from which the court could find that defendant was in the passing lane behind the tractor-trailer truck for some period of time before his vehicle moved onto the left shoulder and median. In addition, the evidence was sufficient to find that defendant passed the tractor-trailer truck on the left at a rate of speed greater than the Watson truck did on the right side. The Watson truck started to pass on the right side before defendant's vehicle started to pass on the left side, yet defendant's vehicle crossed in front of the tractor-trailer truck, was struck and entered the right-hand lane, striking the Watson truck, all before the Watson truck had drawn even with the front of the tractor-trailer truck. This is inconsistent with defendant's vehicle making all these movements as the result of being out of control. Even if defendant did lose control of his vehicle at some point, this does not prevent a conviction of careless and imprudent driving. *See City of Springfield v. Hines,* 622 S.W.2d 32, 33 (Mo.App.1981). The trial court's resolution of fact questions depending on credibility will be deferred to on appeal. *Id.* at 34. Defendant's first point is, therefore, denied.

Defendant's second point on this appeal concerns the conditions of probation ordered by the trial court. Upon the finding of guilty, the court sentenced defendant to pay a $500 fine and serve 180 days in the Greene County Jail. Execution of the jail sentence was suspended and defendant was placed on unsupervised probation for two years upon the condition that he pay costs, perform sixty hours of community service, and attend an alcohol program. Defendant alleges the trial court abused its discretion in requiring completion of the alcohol program on the theory that there was no evidence that alcohol was involved in the offense in question or that defendant was in need of an alcohol program, and therefore the requirement was unreasonable.

■ The standard applicable to our review of defendant's Point II is to determine whether the trial court abused its discretion. In order to establish an abuse of discretion, defendant must show that reasonable persons could not differ as to the propriety of the action taken by the trial court. Unless the record clearly shows an abuse of discretion and a real probability of injury to the complaining party, the appellate court may not interfere with the discretion of the trial court. *State v. Jimerson,* 820 S.W.2d 500, 502–503 (Mo.App. 1991).

Probation is a privilege, not a right, which may be granted or withheld in the discretion of the court. *State v. Priesmeyer,* 719 S.W.2d 873, 876 (Mo.App.1986); *State v. Keller,* 685 S.W.2d 605, 606 (Mo.

App.1985). The conditions of probation are also discretionary with the trial court. § 559.021.1. The imposition of conditions of probation are generally not subject to change on appeal, unless shown to have been arbitrary. 21 Am.Jur.2d *Criminal Law* § 577 (1981).

■ A probationer is free to reject terms of probation which limit his future rights and instead may accept the punishment imposed for his crime. *State v. Fetterhoff,* 739 S.W.2d 573, 576 (Mo.App.1987). Therefore, defendant in the instant case had available to him the option of rejecting the conditions of this probation and choosing instead to accept the jail sentence imposed.

■ A court is permitted to consider matters outside the record in setting the conditions of probation. *State v. Burton,* 355 Mo. 792, 198 S.W.2d 19, 23 (1946). We note from the record that a presentence investigation of defendant was requested from the Department of Probation and Parole. The record does not reflect whether a report was received or, if so, its contents. We have not been furnished any record of the sentencing proceedings, other than a copy of the docket sheet.

■ In the instant case, the conduct of defendant, in addition to being violative of § 304.010, was certainly unusual and bizarre. Under these circumstances, we are unable to conclude that the conditions of probation imposed by the trial court were such that reasonable persons would agree that they were improper and therefore constituted an abuse of discretion. Likewise, we are unable to conclude that they were arbitrary. Defendant's Point II is, therefore, denied.

FLANIGAN, and PREWITT, JJ., concur.