**STATE ex rel. John DOE, Relator,**

v.

**The Honorable Stanley MOORE, Respondent.**

**No. SC 89130.**

Supreme Court of Missouri, En Banc.

Aug. 26, 2008.

Rehearing Denied Sept. 30, 2008.

Jonathan Sternberg, Kansas City, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, John T. Kay, Moniteau County Prosecuting Atty., California, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

PER CURIAM.

### Facts

John Doe pleaded guilty to endangering the welfare of a child in the first degree in violation of section 568.045.[1] As a factual basis for the plea, Doe noted he allowed himself to be alone with a girl and engaged in physical contact through clothing that was inappropriate given their ages. Pursuant to a plea agreement, the trial court suspended imposition of sentence and placed Doe on five years' probation with conditions.

Subsequently, the trial court modified those conditions to include that Doe be supervised as a sex offender,[2] that he be evaluated by a physician at the direction of probation and parole, and that he attend and successfully complete sex offender treatment. Doe contests the new conditions. This Court issued its preliminary writ preventing Respondent from enforc-

ing these conditions. The preliminary writ is quashed.

### Discussion

The circuit courts of this state shall have power to place on probation persons convicted of any offense except as otherwise provided in various sections not pertinent to this case. *Section 559.100.* The court shall determine any conditions of probation deemed necessary to ensure the successful completion of probation. *Id.* The court may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the probation term. *Section 559.021.* The conditions of probation shall be such as the trial court in its discretion deems reasonably necessary to ensure that the defendant will not again violate the law. *Id.*

In this case, the trial court had discretion as to the conditions of probation and the modification of those conditions. *State v. Welsh,* 853 S.W.2d 466, 469 (Mo. App.1993). Absent an abuse of that discretion, Doe is not entitled to relief. *Id.* Given Doe's offense, the factual basis for that offense, and the recommendations of the probation office submitted to the trial court, it cannot be said that the trial court abused its discretion. *Id.* at 470 (imposition of condition of probation that defendant complete alcohol program not abuse of discretion even if no evidence that alcohol was involved in the offense).

Doe contends that the three contested modified conditions violate article I, section 13 of Missouri's constitution because the modified conditions apply the probation provisions of Missouri House Bill 1698 retrospectively to him. The conditions were authorized before enactment

---

1. Except as otherwise specified, all statutory citations are to RSMo Supp.2007.

2. The parties agree that Doe is not required to register as a sex offender under sections 589.400, RSMo Supp.2007, even though he is supervised as a sex offender.

of that bill, so there is no retrospective application. For the same reason, there is no ex post facto violation.

### Conclusion

The preliminary writ is quashed.

STITH, C.J., PRICE, TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., concur.