**STATE EX REL. Christine DELF, Relator,**

v.

**The Honorable Darrell E. MISSEY,[1] Respondent.**

**No. SC 95800**

Supreme Court of Missouri, **en banc.**

Opinion issued May 30, 2017

---

**1.** This writ was originally filed against the Honorable Robert G. Wilkins, who presided over Ms. Delf's plea and sentencing hearings. Judge Wilkins retired in August 2016, and the case was reassigned to the Honorable Darrell E. Missey. Ms. Delf then filed a motion to substitute Judge Missey as the respondent.

Delf was represented by W. Scott Rose of Rose Legal Services LLC in St. Louis, (314) 812-4700.

The state was represented by Catherine M. Robertson and Forest K. Wegge of the Jefferson County prosecutor's office in Hillsboro, (636) 797-5321.

George W. Draper III, Judge

Christine Delf (hereinafter, "Delf") seeks a writ of prohibition to prevent the *circuit court from taking any further action in her guilty plea proceeding other than setting aside its judgment overruling her motion to enforce her plea agreement or, in the alternative, to withdraw her guilty plea.* Delf contends the circuit court lacks the authority to impose special conditions of probation that she believes were excluded by the plea agreement she bargained for with the state. This Court holds the circuit court did not abuse its discretion in overruling Delf's motion to enforce the plea agreement or in failing to permit Delf to withdraw her guilty plea because its ruling comported with Rule 24.02(d). The preliminary writ of prohibition is quashed.

## Factual and Procedural History

Delf was charged with one count of forgery, a class C felony, after forging a $5,000 check belonging to her elderly neighbor. Delf and the state negotiated a plea agreement, which stated: "7 years MDC, SES, 5 years' probation. Restitution of $5,000 plus administrative fee to be paid through P.A. Restitution Dept., and to be paid in full prior to the expiration of probation." The plea agreement further stated, "The [p]arties agree that this recommendation is being entered into pursuant to Rule 24.02(d)(1)(C) and agree to be bound by its terms."

Delf pleaded guilty pursuant to the plea agreement. The circuit court deferred sentencing and informed Delf that, if probation was not granted as the state recommended, she would be allowed to withdraw her guilty plea and proceed to trial. The *circuit court ordered a sentencing assessment report.*

At sentencing, the circuit court stated it initially intended to reject the state's recommendation after reviewing the sentencing assessment report. The sentencing assessment report revealed Delf pleaded guilty to passing a bad check in 2000. In 2009, Delf was convicted of nine counts of forgery, resulting in a $25,000 loss to the victim. Delf committed those forgeries while employed as a home healthcare aide to an elderly patient. Delf received a suspended execution of sentence and was placed on probation. In 2012, while on probation for the 2009 offenses, Delf misappropriated money from another elderly patient but was not charged with a crime or found to have violated probation. The circuit court expressed its concerns regarding Delf working as a home healthcare aide for elderly people and her propensity to steal their money. However, the circuit court indicated it would not reject the state's recommendation; instead, the circuit court planned to impose special conditions on her probation.

Defense counsel responded that if shock incarceration was one of the conditions of probation the circuit court was considering, "shock time" was discussed previously with the prosecutor. When he negotiated the plea agreement, defense counsel specifically asked the prosecutor whether the plea agreement meant no "shock time." Defense counsel contended the prosecutor confirmed no "shock time" was involved. Defense counsel requested time to discuss this issue off of the record prior to the circuit court's imposition of sentence.

The circuit court declined defense counsel's request to discuss anything off the record and ordered Delf to serve 120 days' shock incarceration in the Jefferson County jail as a condition of her probation. The circuit court explained that, if it had ordered Delf to serve 120 days' shock incarceration in the department of corrections, Delf would have been able to set aside her guilty plea. However, the circuit court did not want to set aside the plea so it imposed the shock incarceration in the county jail as a special condition of probation. Defense counsel objected and pointed out the plea was "binding" because it was entered into under Rule 24.02(d)(1)(C). The circuit court overruled the objection, stating Delf could not pick and choose the conditions of probation she wished to serve. The circuit court further noted the plea agreement did not prohibit the imposition of this condition of probation. As an additional special condition of probation, the circuit court barred Delf from working as a home healthcare aide.

Delf was delivered to the Jefferson County jail immediately after sentencing. Delf filed a motion to enforce her plea agreement or, in the alternative, to withdraw her guilty plea and proceed to trial. The circuit court overruled her motion.

Delf subsequently filed a writ of mandamus in the Missouri Court of Appeals, Eastern District, challenging the circuit court's ruling. The Eastern District treated Delf's filing as a writ of habeas corpus and issued a preliminary writ, which secured her immediate release from jail pending further proceedings. After the state filed an answer and suggestions in opposition to Delf's writ, the Eastern District quashed the preliminary writ and ordered Delf to return to jail.

After returning to jail, Delf sought relief from this Court, filing a writ of mandamus or, in the alternative, habeas corpus. This Court ruled it would treat Delf's petition as a writ of prohibition. On July 27, 2016, this Court issued a preliminary writ of prohibition, pursuant to its authority under article V, section 4 of the Missouri Constitution. This Court's preliminary writ of prohibition commanded the circuit court to take no further action in this matter, other than to show cause as to the reasons this writ should not issue, until ordered to do so by this Court.

## Standard of Review

■ This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. "A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014).

## Guilty Plea Proceedings

Delf argues she is entitled to a writ prohibiting the circuit court from doing anything other than setting aside its order overruling her motion to enforce the plea agreement or, in the alternative, to withdraw the guilty plea and set the case for trial. Delf argues Rule 24.02(d) requires the circuit court to either accept a binding plea agreement without modification or reject it and permit the defendant to withdraw the guilty plea. Delf maintains the circuit court effectively rejected the plea agreement by adding terms the parties did not agree upon in reaching their agreement. Delf argues the circuit court abused its discretion and acted in excess of its authority when it effectively rejected the

plea agreement and did not permit Delf to withdraw her guilty plea.

### Rule 24.02(d) Requirements

Rule 24.02(d) governs plea agreement procedures. In this case, the parties reached an agreement pursuant to Rule 24.02(d)(1)(C), which provides the prosecutor will agree that a specific *sentence* is the appropriate disposition for the case. The parties' agreement states Delf would receive a seven-year sentence, execution of the sentence would be suspended, she would be placed on five years' probation, and she would pay $5,000 in restitution before the end of the probationary term. The parties disclosed the plea agreement on the record as required by Rule 24.02(d)(2). At sentencing, the circuit court had two options: (1) it could accept the plea and dispose of the case as provided for in the plea agreement under Rule 24.02(d)(3); or (2) it could reject the plea agreement and permit Delf to withdraw her guilty plea under Rule 24.02(d)(4).

■■■ Here, the parties reached a plea agreement pursuant to Rule 24.02(d)(1)(C), wherein the prosecutor agrees that a specific *sentence* is the appropriate disposition of the case. The sentence a defendant receives differs from the conditions of probation imposed. "The 'sentence' that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense[,]" such as confinement for a period of time or a fine. *McCulley v. State*, 486 S.W.2d 419, 423 (Mo. 1972); *see also Gallup v. State, Dept. of Corrs. and Human Res., Bd. of Prob. & Parole*, 733 S.W.2d 435, 436 (Mo. banc 1987). A sentence "does not include as part of its definition such conditional orders as the court makes for amelioration of the punishment-probation or parole. Probation lessens the immediate impact of the sentence on the defendant; but probation does not, per se, shorten or lengthen the sentence." *McCulley*, 486 S.W.2d at 423. Accordingly, probation is not a sentence nor could the conditions of probation be a sentence. *Id.*; *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994).

Under Rule 24.02(d)(1)(C), the plea agreement between the parties contemplated a seven-year sentence, execution of the sentence to be suspended, and that Delf would be placed on probation for a five-year term. The circuit court imposed the precise sentence Delf bargained for with the state. Delf disagrees, arguing this Court must resolve whether special conditions of probation can be included in a binding plea agreement, whether the circuit court is bound by the parties' negotiation of special conditions of probation, and whether the circuit court's imposition of special conditions of probation constituted a rejection of the plea agreement such that Delf should be permitted to withdraw her guilty plea. Although Delf contends the state conflated the legal arguments presented by citing the circuit court's statutory authority to craft conditions of probation, these statutes are instructive in this Court's analysis.

### Statutory Authority to Impose Special Conditions of Probation

■■■ The circuit court is afforded broad discretion with respect to the disposition it may make after it determines the defendant is guilty of the offense charged. *McCulley*, 486 S.W.2d at 422-23. Section 557.011.2, RSMo 2000,[2] specifies the available dispositions the circuit court may impose after a finding of guilt. These dispositions include pronouncing a sentence and suspending its execution, placing the defendant on probation, or imposing "a peri-

<hr>

2. All statutory references are to RSMo 2000 as supplemented.

od of detention as a condition of probation, as authorized by section 559.026." Section 557.011.2(4) and (5). The circuit court has the authority to make one or more of the suggested dispositions "in any appropriate combination." Section 557.011.2.

 Delf received a suspended execution of sentence and was placed on five years' probation. "Probation is a privilege, not a right...." *State v. Welsh*, 853 S.W.2d 466, 469 (Mo. App. S.D. 1993). A defendant's acceptance of probation subjects him or her to the conditions imposed by the circuit court. *State v. Brantley*, 353 S.W.2d 793, 796 (Mo. 1962). Section 559.021.1 grants the circuit court the authority to determine the terms of probation, and "[t]he conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the defendant will not again violate the law." *State ex rel. Doe v. Moore*, 265 S.W.3d 278, 279 (Mo. banc 2008); *see also* section 559.100.2 (stating "[t]he circuit court shall determine any conditions of probation or parole for the defendant that it deems necessary to ensure the successful completion of the probation or parole term").

 Delf concedes the circuit court has the statutory authority to craft special conditions of probation, including confinement for 120 days. Yet, Delf argues she and the state entered into a binding plea agreement, premised upon which statutory conditions applied to her. Defendants may bargain for special conditions of probation as a part of a plea agreement. For example, in *State ex rel. Nixon v. Campbell*, 906 S.W.2d 369, 370 (Mo. banc 1995), the defendant pleaded guilty to a sex offense and was placed on probation, with a special condition that he complete a two-year, inpatient sex offender program. The inpatient program was canceled fewer than three months after the defendant entered

it, and the state sought to revoke the defendant's probation. *Id.* After analyzing whether a non-culpable violation of a condition of probation warranted revocation, this Court noted the defendant's case was "complicated, however, by the fact that his probation was part of a plea bargain...." *Id.* at 372. This Court relied on *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), which noted that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Campbell*, 906 S.W.2d at 372. Because the defendant entered the guilty plea in reliance upon the sentence and probation initially imposed under the plea agreement, this Court held the sentencing court properly offered the defendant the option of withdrawing his guilty plea and beginning the proceedings anew, which was in accordance with *Santobello. Id.* at 372-73.

*Campbell* supports Delf's contention that defendants may bargain for special conditions of probation as part of their plea agreements, and a circuit court may be bound by that bargain, such that if the bargain is breached or rejected, the defendant may be able to withdraw his or her guilty plea. However, Delf's case is distinguishable from *Campbell* in that Delf's insistence that shock incarceration was not part of the agreement is not borne out by the record. First, this Court notes the negotiation underlying the plea agreement included the payment of restitution, including the amount, as a special condition of probation. Section 559.100.2; *see also State v. Schnelle*, 398 S.W.3d 37, 47 (Mo. App. W.D. 2013) (finding restitution was not an authorized disposition under section 557.011.2; however, the circuit court may order restitution when a defendant is placed on probation). Although Delf em-

phasizes that she rejected two prior plea offers that included jail time and the lack of jail time was imperative to accepting the current plea agreement, the parties did not take steps to memorialize that agreement as part of the plea, as it did regarding restitution. The circuit court explicitly noted this during the sentencing when it found no language in the plea agreement prohibited the circuit court from imposing jail time as a condition of probation.

Further, the prosecutor remained silent when defense counsel objected to the circuit court's imposition of shock incarceration as a condition of probation. The prosecutor's silence served to neither confirm nor deny that the lack of shock incarceration was included in the parties' agreement. However, when questioned by this Court during oral argument, the prosecutor disclosed that her understanding of "no shock time" meant Delf would not be sentenced pursuant to section 559.115, which "authorizes the circuit court to retain jurisdiction over a defendant convicted of a felony and to sentence him or her to a period of up to 120 days' imprisonment in the department of corrections before considering the defendant's eligibility for probation or granting probation." *State ex rel. Johnston v. Berkemeyer*, 165 S.W.3d 222, 224 (Mo. App. E.D. 2005). While there appears to be disagreement about what the parties believed "no shock time" en-

tailed, it is clear the written plea agreement does not contemplate barring any type of shock incarceration from the circuit court's consideration. Accordingly, the circuit court followed the procedure set forth in Rule 24.02 by accepting the binding plea agreement the parties reached and imposing the sentence Delf bargained for with the state. The circuit court did not abuse its discretion or act in excess of its authority in overruling Delf's motion to enforce the plea agreement.

### Remedy

 Although this Court holds the circuit court did not abuse its discretion in overruling Delf's motion to enforce the plea agreement, she is not left without a remedy. Probationers are free to reject the terms of probation that limit their future rights and accept, instead, the punishment for the crime. *State v. Fetterhoff*, 739 S.W.2d 573, 576 (Mo. App. E.D. 1987); *Welsh*, 853 S.W.2d at 470; *Bell v. State*, 996 S.W.2d 739, 743 (Mo. App. S.D. 1999). Should Delf deem execution of her sentence preferable to the circuit court's special conditions of probation, upon delivery to the department of corrections, Delf may seek post-conviction relief regarding the voluntariness of her guilty plea or pursue any ineffective assistance of counsel claims she believes are relevant pursuant to Rule 24.035.[3]

---

**3.** The dissenting opinion makes compelling arguments that may support Rule 24.035 post-conviction relief claims and cites numerous Rule 24.035 cases in support thereof. However, analysis of Delf's mistaken beliefs and defense counsel's and the circuit court's alleged misrepresentations are premature and not cognizable here. Rule 24.035 provides the exclusive procedure by which a person convicted of a felony after pleading guilty *and* being delivered to the department of corrections may raise certain claims. Rule 24.035(a) provides the following claims may be raised: (1) the conviction or sentence imposed violates the constitution and laws of

this state or the United States Constitution; (2) ineffective assistance of trial counsel; (3) the court imposing the sentence was without jurisdiction to do so; and (4) the sentence imposed was in excess of the maximum sentence authorized by law. Delf has not been delivered to the department of corrections nor has she invoked Rule 24.035 in any of these proceedings. Notably, Delf did not request relief under Rule 24.035 for a mistaken belief rendering her plea involuntary in the circuit court before seeking the writ. Delf's motion to set aside the plea was brought pursuant to Rule 24.02. Delf's Rule 24.02 motion does not allege she was under a mis-

## Conclusion

The preliminary writ of prohibition is quashed.

Fischer, Wilson and Russell, JJ., concur; Breckenridge, C.J., dissents in separate opinion filed; Stith, J., concurs in opinion of Breckenridge, C.J. Powell, J., not participating.

Patricia Breckenridge, Chief Justice, dissenting.

I respectfully dissent. Even if the majority opinion is correct that the circuit court had the authority to place additional special conditions on Christine Delf's probation without such action constituting a rejection of the plea agreement, the fact remains she pleaded guilty due to the mistaken belief that her plea agreement could not be altered and that, if it was, she would be permitted to withdraw her guilty plea.

"If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, then the defendant should be permitted to withdraw the plea." *Dobbins v. State*, 187 S.W.3d 865, 867 (Mo. banc 2006); *see also Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009); *State v. Taylor*, 929 S.W.2d 209, 215 (Mo. banc 1996); *State v. Nunley*, 923 S.W.2d 911, 920 (Mo. banc 1996). "Mis-

taken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." *Dobbins*, 187 S.W.3d at 866.

Here, Ms. Delf entered into a plea agreement under which she would plead guilty to one count of the class C felony of forgery in exchange for a sentence of seven years in the department of corrections, suspended execution of that sentence, and a term of probation of five years. The plea agreement also required Ms. Delf to pay in full restitution in the amount of $5,000 plus administrative fees prior to the expiration of probation.

At the plea hearing, the circuit court made the following representation to Ms. Delf: "[I]f I don't grant you the probation as recommended by the State of Missouri, I would have to allow you to withdraw the plea of guilty and we would then set the case for trial[.]" The probation, as recommended by the state, was for five years and required Ms. Delf to pay $5,000 in full restitution prior to the expiration of the probation. The state made no recommendation to impose any other special conditions on Ms. Delf's probation. Ms. Delf, therefore, had a reasonable belief that, if the circuit court did not order her probation as recommended by the state, she

taken belief rendering the plea involuntary. The record reflects Delf's attorney discussed what Delf's understanding of "no shock time" meant at the sentencing hearing. However, Delf first raised the suggestion that because her plea was premised on the mistaken understanding she would not serve any jail time, rendering her plea unknowing and involuntary in her writ petition, suggestions in support, and her brief in this Court.

The dissenting opinion does not dispute the difference between a sentence and terms of probation. Instead, the dissenting opinion relies upon cases construing similar claims under Rule 29.07. Rule 29.07(d) provides, "A

motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his [or her] plea." Delf has not invoked Rule 29.07 to provide her relief; instead, she cites Rule 24.02 for support. Rule 29.07 does not aid resolution of this matter because, while the record reflects "there was nothing left open in the plea agreement," Rule 29.07 permitting withdrawal of the plea goes to the sentence, not the terms of probation.

would be allowed to withdraw her guilty plea.

Furthermore, Ms. Delf entered her guilty plea upon the mistaken belief that the plea agreement was binding and could not be altered to include shock incarceration. At the sentencing hearing, Ms. Delf's counsel repeatedly explained that, although it was common practice in that circuit to have open plea bargains that were not binding on the circuit court, "there was nothing left open in the plea agreement" entered into by Ms. Delf; otherwise, there would not have been a plea agreement. In response to the circuit court's statement that it was going to impose additional conditions of probation, and before the circuit court named those conditions, counsel further stated: "I will say that if shock time is one of the conditions that was specifically discussed. The first question I asked [the prosecutor] when this possible plea arrangement came up was: Does that mean no shock time? And she confirmed it does mean no shock time." Counsel reiterated several more times that the agreement was not open to additional conditions and that the prosecutor had assured him the agreement meant no shock time. Counsel advised the circuit court he had communicated his discussions with the prosecutor to Ms. Delf and advised her to accept the plea agreement on such grounds. It was reasonable for Ms. Delf to rely on her counsel's positive representations about the plea agreement.[4] *See Rick v. State*, 934 S.W.2d 601, 607 (Mo. App. 1996).

The majority opinion recognizes that defendants may bargain for special conditions of probation as part of their plea agreements; nevertheless, it faults Ms. Delf for not memorializing the promise of no shock incarceration in the plea agreement. This case, however, presents an issue of first impression—whether a circuit court has the authority to add special conditions of probation to a plea agreement entered into pursuant to Rule 24.02(d)(1)(C). Therefore, the fact the plea agreement did not expressly mention the exclusion of shock incarceration does not render unreasonable Ms. Delf's belief that the plea agreement was binding and could not be altered to include jail time.

The majority opinion also relies on the prosecutor's statement at oral argument that her understanding of no shock time meant Ms. Delf would not be sentenced to shock incarceration in the department of corrections pursuant to section 559.115, RSMo 2000. First, the prosecutor's comments before this Court are immaterial to a determination of whether Ms. Delf had a reasonable expectation that she would not be serving any shock incarceration under the plea agreement. *See Reed v. State*, 114 S.W.3d 871, 876 (Mo. App. 2003) ("When considering whether a defendant pleaded guilty based on a mistaken belief about the sentence and plea agreement, the test is whether a reasonable basis exists in the record for such belief."). Here, a reasonable basis exists in the record for Ms. Delf to have believed the plea agreement could not be altered to include shock incarcera-

4. Near the end of the plea hearing, the circuit court found Ms. Delf's plea was "freely and voluntarily entered, with a full understanding of the nature of the charge, the range of punishment for the offense, and the consequences of her plea." At Ms. Delf's sentencing hearing, the circuit court noted this finding and stated it was again finding that Ms. Delf's "plea of guilty was freely and voluntarily entered, that [she] understood the charge, the range of punishment, and the consequences of entering that plea of guilty." These findings, however, were made prior to any opportunity for Ms. Delf's counsel to present argument or object to the voluntariness of her plea based on the circuit court's imposition of additional conditions of probation.

tion and, if the circuit court did not enter the probation as recommended by the state, she would be permitted to withdraw her guilty plea.

More importantly, the state has never asserted in any argument or pleading in the circuit court or in this Court that defense counsel's statements that the state agreed to no shock time were false or unfounded. Prior to oral argument in this Court, the state's response to Ms. Delf's claims was only that a circuit court had authority to add additional conditions to probation. When the prosecutor was questioned at oral argument as to whether "shock probation" was intended to be a part of the plea agreement, the prosecutor responded:

I have to clarify what "shock probation" means, because it can mean a lot of different things. Shock is a really general term. It could mean shock incarceration pursuant to chapter 559.115, in which case the court would be executing a sentence to serve and then retaining jurisdiction to grant probation for a period of 120 days. Shock incarceration could mean a court ordered detention sanction pursuant to 559.036. In this case, chapter 559.026 specifically authorizes courts to order detention as a condition of probation.

When asked directly whether it was on the record that the state disagreed with the statements of Ms. Delf's counsel regarding no shock time, the prosecutor responded:

So, here's the conversation that happened. We're leaving depos. After things came out in depositions, I extended the seven-year suspended execution of sentence recommendation. I don't have a

great recollection of this conversation because it was so fleeting, and Mr. Rose had asked, "Does that mean no shock"? and I said, "Yeah, no shock." *In my mind, at that time*, my first recommendation was for seven years pursuant to 559.115. That's what I understood shock to mean.

(Emphasis added).

While the prosecutor's comments before this Court may have revealed her subjective beliefs as to what was meant by shock time, they also reveal her beliefs were not communicated to defense counsel. Instead, the prosecutor conceded she told defense counsel the plea bargain was that no shock time would be served by Ms. Delf. The plea agreement expressly stated it was binding on the parties pursuant to Rule 24.02(d)1(C),[5] and, as noted, the circuit court expressly informed Ms. Delf, prior to her pleading guilty, that "if I don't grant you the probation as recommended by the State of Missouri, I would have to allow you to withdraw the plea of guilty and we would then set the case for trial." Therefore, the record before this Court establishes it was reasonable for Ms. Delf to believe she could not be ordered to serve shock time in jail if she pleaded guilty. This Court recently cited with approval cases in which defendants have detrimentally relied on a circuit court's erroneous representations during sentencing and reasoned those cases "stand for the proposition that, when the circuit court misinforms defendants about critical information upon which those defendants have a right to rely, *defendants are entitled to a remedy.*" *Watson v. State*, SC95665, 520 S.W.3d 423; at *15, 2017 WL 1629372 (Mo.

5. Rule 24.02(d)1(C) provides:
The prosecuting attorney and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will ... [a]gree that a specific sentence is the appropriate disposition of the case[.] .

banc May 2, 2017) (emphasis added); *see also State v. Rowan*, 165 S.W.3d 552, 555-56 (Mo. App. 2005) (remanding the case for resentencing when the sentencing court affirmatively misinformed the defendant he would have a better opportunity for parole if he was given a life sentence); *Brown v. Gammon*, 947 S.W.2d 437, 441 (Mo. App. 1997) (finding the defendant was entitled to an opportunity to withdraw his guilty plea because he was reasonably mistaken as to the terms of his plea agreement due to the trial court's representations regarding his release after a 120-day incarceration).

The same is true when a defendant detrimentally relies on an attorney's misrepresentations regarding sentencing. *See Dobbins*, 187 S.W.3d at 867 (finding counsel ineffective for affirmatively misrepresenting to the movant that he would be able to attack any sentence imposed after pleading guilty); *State v. Rose*, 440 S.W.2d 441, 445-46 (Mo. 1969) (finding a defendant should be permitted to set aside a guilty plea because he was misled by his or her own attorney and remanding for a determination if the defendant's attorney misled him into pleading guilty); *Johnson v. State*, 318 S.W.3d 313, 319-20 (Mo. App. 2010) (remanding the case to give the movant an opportunity to withdraw his guilty plea because his plea counsel and the motion court misinformed him about his eligibility for bond time credit); *Coker v. State*, 995 S.W.2d 7, 10 (Mo. App. 1999) (vacating the movant's sentence and remanding for further proceedings where the movant pleaded guilty based on misrepresentations made by plea counsel and the sentencing court about his sentences running concurrently).

Plea bargaining is an essential and necessary component of Missouri's criminal justice system as the system lacks the judicial capacity to try all criminal cases that come before it. In carrying out this necessary component of the criminal justice system and to comport with the due process clause, Missouri courts must ensure a defendant's guilty plea be knowingly and voluntarily given. *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998). This Court further requires plea proceedings to be fair and open and "meet reasonable expectations of both the prosecution and the defendant." *Roberts*, 276 S.W.3d at 836.

It is clear from the record that the circuit court believed the plea agreement was too lenient and that Ms. Delf should have been subjected to a harsher punishment. The circuit court stated, but for the plea bargain, it would have sentenced Ms. Delf to seven years in the department of corrections rather than a suspended execution of sentence. The circuit court then stated it decided not to reject the plea bargain, expressing concern that the state might have difficulty with the case because Ms. Delf's victim was elderly, so it was accepting the plea bargain and sentencing her to 120 days shock incarceration in the county jail. The circuit court further stated it would have sentenced her to 120 days shock incarceration in the department of corrections but that would entitle Ms. Delf to withdraw her guilty plea so it was imposing the shock incarceration in the county jail with the intention of precluding Ms. Delf from withdrawing her plea.

The circuit court was fully within its rights to believe the plea bargain was too lenient in view of the nature of Ms. Delf's crime and her prior commission of multiple similar crimes. Because of those beliefs, the circuit court had the discretion to reject the plea agreement outright. Instead, despite its representation that it would have to allow Ms. Delf to withdraw her plea of guilty and set her case for trial if it was not going to grant Ms. Delf "*the* pro-

bation as recommended by the state of Missouri," the lack of any recommendation for special conditions of probation by the prosecutor, and defense counsel's statements that the prosecutor and he agreed the plea agreement was not open to alterations, the circuit court announced it was ordering Ms. Delf to serve 120 days in the county jail and prohibiting her from working in the home health industry, which was her current full-time employment. This Court should not approve of a prosecutor and a circuit court making ambiguous or misleading statements about the effects of a plea bargain and guilty plea to induce a defendant to plead guilty and then surprising the defendant with onerous and unknown conditions of probation, such as 120 days shock incarceration in the county jail and a prohibition on the defendant's employment.

Finally, the majority opinion states Ms. Delf is not without remedy because she can reject the terms of her probation, accept the seven-year sentence in the department of corrections for her crime, and then file a Rule 24.035 motion for post-conviction relief challenging the voluntariness of her guilty plea. Even if Ms. Delf would be able to successfully establish her plea was involuntary in post-conviction relief proceedings, she could not file a post-conviction motion until she was delivered to the department of corrections. *See* Rule 24.035(a) (providing that "[a] person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections" may seek post-conviction relief under Rule 24.035). Once filed, her post-conviction relief motion would take, at minimum, months to be adjudicated and could potentially take years if an appeal were taken. During the pendency of the proceedings, Ms. Delf would remain incarcerated in the department of corrections. It follows that requiring Ms. Delf to reject the terms of her probation and enter the department of corrections to serve her seven-year sentence simply to challenge the appropriateness of the 120-day shock incarceration in the county jail would undoubtedly cause her to suffer irreparable harm. A writ of prohibition is appropriate "where a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014). Accordingly, I would make the preliminary writ of prohibition permanent and order the circuit court to permit Ms. Delf to withdraw her guilty plea and proceed to trial.