W. Brent Powell, Judge, dissenting
DISSENTING OPINION
I respectfully dissent. The principal opinion concludes Coleman was never out of compliance with the terms of her probation solely because the four notices of citation *22 submitted to the circuit court by the division of probation and parole do not constitute "initial violation reports" as that phrase is used in § 217.703.4.[1] The principal opinion disregards the fact Coleman was repeatedly cited for unlawfully using illicit substances in direct violation of the express terms of her probation. By characterizing an initial violation report as a particular, unique, and distinct document, the principal opinion elevates form over substance. In addition, the principal opinion ignores the statutes governing earned compliance credits, which charge the division of probation and parole, not the circuit court, with awarding and calculating compliance credits. For this reason, Coleman must show the division actually awarded sufficient compliance credits to warrant discharge of her probation. Because the record is unclear, at best, whether the division allotted any compliance credits to Coleman, she has not met her burden. Therefore, Coleman is not entitled to either a writ of prohibition or a writ of mandamus, and I would quash the preliminary writ and permit the circuit court to proceed with Coleman's probation revocation hearing.
Coleman seeks relief from this Court in the form of a writ of prohibition or, alternatively, a writ of mandamus. It is well-established "[p]rohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority." State ex rel. Henley v. Bickel , 285 S.W.3d 327, 330 (Mo. banc 2009). Similarly, a litigant seeking a writ of mandamus must show she has "a clear, unequivocal, specific right to a thing claimed." U.S. Dep't of Vet. Affairs v. Boresi , 396 S.W.3d 356, 359 (Mo. banc 2013). In either case, writ relief is an extraordinary remedy, and "courts should employ the writ judiciously and with great restraint." Bickel , 285 S.W.3d at 333. This Court, therefore, should issue an extraordinary writ only "when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventive action," id. at 333-34, or when the right sought to be enforced is "definite, arising under conditions admitted or proved and imposed by law." State ex rel. Robison v. Lindley-Myers , 551 S.W.3d 468, 474 (Mo. banc 2018). "Absent such conditions, [this Court] should decline to act." Bickel , 285 S.W.3d at 334. In this case, Coleman has not established she is entitled to this extraordinary remedy.
Coleman argues the circuit court lacks authority to conduct the probation violation hearing because her probation has expired due to the accrual of compliance credits. In the alternative, Coleman claims "§ 217.703 RSMo. gives her an unequivocal right to earn ECCs and be discharged from probation early."[2] But "[p]robation is a privilege, not a right." State ex rel. Delf v. Missey , 518 S.W.3d 206, 211 (Mo. banc 2017). In exchange for a second chance, a probationer's "acceptance of probation subjects him or her to the conditions imposed by the circuit court." Id. Here, the circuit court's probation order, among other requirements, required Coleman to refrain from the use of all illicit substances. Yet Coleman tested positive for THC at least twice and admitted to using marijuana two more times over the course of 11 *23 months.[3] These probation violations, which were enumerated in reports submitted to the circuit court, prohibited the accrual of earned compliance credits during the four months in question. Regardless, the record before this Court is unclear whether the division of probation and parole allotted any earned compliance credits to Coleman when the circuit court took up her motion to be discharged from probation, let alone during the months Coleman violated conditions of her probation by using marijuana. For this reason, Coleman has not established that she received sufficient credits from the division to warrant discharge from probation, and she is not entitled to writ relief.
A. Notices of citation prohibit the accrual of earned compliance credits
Under chapter 217, the division of probation and parole shall award earned compliance credits to a probationer if she is "[i]n compliance with the conditions of supervision imposed by the sentencing court or board," among other requirements. § 217.703.1(4). Section 217.703.4 provides in pertinent part, "For the purposes of this section, the term 'compliance' shall mean the absence of an initial violation report submitted by a probation or parole officer." Coleman argues, therefore, she was never out of compliance with the terms of her probation solely because no document titled "initial violation report" was submitted to the circuit court. Even a passing review of the record, however, reveals Coleman clearly violated the terms of her probation, all of which were adequately documented by the citations she received and which the division submitted in a report to the circuit court.
Although § 217.703.4 deems a probationer to be in compliance with the terms of her supervision unless a probation officer submits an "initial violation report," the principal opinion's conclusion that a probationer is in compliance in the absence of a particular, unique, and distinct document is unwarranted. Other subsections of § 217.703 are instructive on this issue. Section 217.703.5 prohibits compliance credits from accruing "during any calendar month in which a violation report has been submitted." § 217.703.5 (emphasis added). Section 217.703.1(4) directs the division of probation and parole to award credits "to any offender who is ... [i]n compliance with the conditions of supervision imposed by the sentencing court or board ." (Emphasis added). Section 217.703.3 provides earned compliance credits "shall reduce the term of probation ... by thirty days for each full calendar month of compliance with the terms of supervision. " (Emphasis added). Clearly, the overall scheme of § 217.703 is for the division of probation and parole to award compliance credits only if a probationer adheres to all conditions of supervision imposed by the court or the division. When a probationer fails to adhere to the conditions of supervision enumerated in the circuit court's order of probation and an "initial violation report" or other "violation report" is submitted to the circuit court, § 217.703 specifically prohibits the award of earned compliance credits.
Neither the phrase "initial violation report" nor "violation report" is defined in chapter 217. When the legislature leaves a statutory word or phrase undefined, this Court will attribute to those words "their plain and ordinary meaning as found in the dictionary to ascertain the intent of lawmakers." Howard v. City of Kansas City , 332 S.W.3d 772, 780 (Mo. banc 2011) ;
*24 Asbury v. Lombardi , 846 S.W.2d 196, 201 (Mo. banc 1993).
Applying the plain meaning of "violation" and "report" to those terms as used in § 217.703 reveals "violation report" means nothing more than a statement or account of an infringement or transgression. See WEBSTER'S THIRD NEW INT'L DICT. 1925 & 2554 (2002). Given a violation report is merely a statement documenting a probationer's infringements on the terms of her probation, it is difficult to understand how Coleman's four citations do not fit the dictionary definition of a violation report. Nevertheless, the principal opinion concludes the notices of citation submitted to the circuit court in this case were not violation reports despite the notices most certainly being documents reporting Coleman violated conditions of her probation.[4] The citations expressly informed the circuit court Coleman failed to adhere to the terms of her probation by testing positive for an illicit substance on multiple occasions. The circuit court, therefore, did not abuse its discretion by holding the notice of citations were violation reports, and Coleman has failed to demonstrate she had an unequivocal right to earned compliance credits during the months in question or the circuit court lacked authority to conduct the probation revocation hearing.[5]
*25 B. The division of probation and parole, not the circuit court, is responsible for the award and calculation of earned compliance credits.
The principal opinion also overlooks who is required to award and calculate Coleman's earned compliance credits. Chapter 217 charges the division, not the circuit court, with the responsibility to determine eligibility for earned compliance credits. Section 217.703.1 specifically states, "The division of probation and parole shall award earned compliance credits ...." (Emphasis added). Additionally, § 217.703.9 provides, "At least twice a year, the division shall calculate the number of months the offender has remaining on his or her term of probation, parole, or conditional release, taking into consideration any earned compliance credits." (Emphasis added). Chapter 217, therefore, vests the division with control over the accrual of earned compliance credits. It was not the circuit court's duty or responsibility to award or calculate Coleman's earned compliance credits.
A circuit court is "afforded broad discretion with respect to the disposition it may make after it determines the defendant is guilty of the offense charged." Missey , 518 S.W.3d at 210, see also § 557.011.2 (listing five authorized dispositions "[w]henever any person has been found guilty of a felony or a misdemeanor"). While circuit courts are under no obligation to place an offender on probation, probation provides offenders with an invaluable second chance to avoid "the stigma of a lifetime conviction and the punitive collateral consequences that follow." Yale v. City of Independence , 846 S.W.2d 193, 195 (Mo. banc 1993). Thus, probation furthers a compelling public policy and interest, and the utilization of probation should be encouraged when appropriate. This Court should not discourage the imposition of probation by overburdening circuit courts with the responsibility to award and calculate earned compliance credits when our statutes clearly charge the division with this authority.
Instead of arguing the division of probation and parole improperly awarded and calculated her earned compliance credits, Coleman seeks a writ of prohibition precluding the circuit court from taking any further action in her case or, in the alternative, a writ of mandamus directing the circuit court to discharge her from probation. Under either writ standard, Coleman bears the burden of establishing the right to relief. State ex rel. Eggers v. Enright , 609 S.W.2d 381, 382 (Mo. banc 1980) (in seeking prohibition, "it is relator's burden to establish that respondent has usurped or acted in excess of his jurisdiction."); State ex rel. Burnett v. Sch. Dist. of City of Jefferson , 335 Mo. 803, 74 S.W.2d 30, 33 (Mo. banc 1934) (in seeking mandamus, "[t]he burden [is] upon relator to plead and prove a clear legal right to the relief asked."). Therefore, because the division of probation and parole controls the allotment of earned compliance credits, Coleman must establish the division awarded her sufficient credits to warrant writ relief from this Court preventing the circuit court from scheduling and holding a probation revocation hearing and directing the court to discharge her from probation to meet her burden of showing she is entitled to writ relief. Coleman has not met her burden.
No record or report submitted by the division of probation and parole in this case establishes Coleman actually accrued sufficient earned compliance credits to warrant discharge from probation. Although the case summary reports the division submitted to the circuit court indicated Coleman could optimally be discharged from probation on May 1, 2016, with continued supervision compliance, the last *26 case summary report prepared in April 2015 stated Coleman, at that time, had actually only earned credits warranting a discharge date of June 21, 2017. Coleman's probation was suspended on August 15, 2016, well before June 21, 2017, so the case summary reports do not show Coleman actually earned sufficient compliance credits to warrant discharge on May 1, 2016. Coleman, therefore, has not established she is entitled to writ relief.
What is more, despite the case summary reports indicating Coleman had accrued compliance credits, the division submitted a probation violation report dated June 16, 2016, well after the case summary reports were submitted to the circuit court, stating an earned compliance discharge date had not been calculated or established. This report, which was submitted before the circuit court took up Coleman's motion for discharge from probation, stated Coleman's date of discharge from probation was October 14, 2018, the original supervision expiration date set by the circuit court. In light of this probation violation report, the record suggests the division no longer recognized any accrued compliance credits reported in the case summary reports when the circuit court ruled on Coleman's motion to be discharged from probation.[6] There are no other records or reports before the circuit court or this Court documenting the award or calculation of earned compliance credits by the division. Accordingly, the record, is, at best, in conflict as to whether the division allotted Coleman any compliance credits warranting an early discharge of her probation.
For this reason, Coleman cannot show she is entitled to be discharged from probation or the circuit court lacked authority to schedule and hold a probation violation hearing. Section 217.703.7 provides "once the combination of time served in custody, if applicable, time served on probation , parole, or conditional release, and earned compliance credits satisfy the total term of probation , parole, or conditional release, the board or sentencing court shall order final discharge of the offender ." (Emphasis added). But § 559.036.8 provides, "The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court." Therefore, the circuit court retained the authority to revoke Coleman's probation until October 14, 2018. Because it is the division's ultimate responsibility to award and calculate earned compliance credits and the record is, at best, unclear whether the division allotted any credits, let alone sufficient credits to warrant discharge, Coleman has not met her burden of establishing the combination of the time she served on probation and earned compliance credits satisfied her total term of probation. Eggers , 609 S.W.2d at 382 ; Burnett , 74 S.W.2d at 33. For this reason, the circuit court did not act in excess of its authority by scheduling a probation revocation hearing, and Coleman is not entitled to be discharged from probation.
For all these reasons, I respectfully dissent.

All statutory references are to RSMo 2000, as amended, unless otherwise specified.

Coleman makes this claim notwithstanding § 217.703.8, which provides "[t]he award or rescission of any credits earned under this section shall not be subject to appeal or any motion for postconviction relief."

The principal opinion recognizes these transgressions as violations of Coleman's probation and, indeed, even labels them "violations." Op. at 25-26.

The principal opinion also suggests the length of the field violation report, three pages, versus the length of the notices of citation, shorter than one page, and the subsequent action by the circuit court to initiate revocation proceedings after the field violation report but not after the notices of citation have some bearing on their meaning. Section 217.703, however, does not require the report notifying the circuit court of probation violations to be any certain length or result in any adverse action to the probationer before accrual of compliance credits is limited by the statute. All the violations reported in the notices of citation would have justified the division to issue a warrant for Coleman's arrest. See § 217.722.1 ("If any probation officer has probable cause to believe that the person on probation has violated a condition of probation, the probation officer may issue a warrant for the arrest of the person on probation."). Accordingly, if Coleman's conduct would justify the issuing of an arrest warrant, it is immaterial whether the division filed a notice of citation or a field violation report to enumerate the violations of probation. Likewise, it is immaterial that the circuit court initiated revocation proceedings after the division submitted a field violation report verses a notice of citation. The fact remains Coleman was clearly noncompliant with the terms of her probation as set out in the reports issued by the division and submitted to the circuit court in May 2015, November 2015, February 2016 and April 2016 regardless of whether they were titled notices of citation or violation reports.

The principal opinion highlights the recent amendment to § 217.703 which specifies a notice of citation prohibits the accrual of earned compliance credits. While the principal opinion suggests this amendment supports its interpretation of the previous version of the statute, this position ignores the possibility the legislature made the change in the law to clarify the former version of the statute and not change it. See Mid-America Television Co. v. State Tax Com'n , 652 S.W.2d 674, 679 (Mo. banc 1983) (acknowledging "the purpose of a change in the statute can be clarification"); see also Mann v. McSwain, 526 S.W.3d 287, 292 (Mo. App. 2017) (holding the legislature's 2003 amendment to § 556.061 adding assault on a law enforcement officer to the list of dangerous felonies was not a substantive change but rather a clarification). Indeed, this Court recently affirmed this principle in State ex rel. Hillman v. Beger and State ex rel. Long v. Copeland , 566 S.W.3d 600, 2019 WL 581183 (Mo. Banc 2019) (Nos. SC97171 and SC97331, decided February 13, 2019). In those cases, this Court, writing unanimously, recognized, "The purpose of a particular change may be to clarify - not change - the existing law." Id. at 607, 2019 WL 581183, at *6, at 12. Because a notice of citation is a report from the division detailing how a probationer is in violation of the conditions of probation, it is likely the addition of a notice of citation to § 217.703 in the recent amendment is not a substantive change but is merely a clarification of the statute.

While Coleman may have been entitled to earned compliance credits despite the division's recognition or calculation, she brings this writ action against the circuit court, not the division. Because the division is responsible for the award and calculation of compliance credits, the circuit court was entitled to rely on the division's calculation of credits, and Coleman cannot allege the circuit court improperly calculated her credits.